MORRIS & COMPANY ET AL. *v.* SKANDINAVIA
INSURANCE COMPANY.

No. 450. Argued March 7, 1929.—Decided May 13, 1929.

*Mr. Garner Wynn Green,* with whom· *Messrs. John M. Lee, Marcellus Green, Chalmers ·Potter,* and *Sidney Mize* were on the brief, for .petitioners.

*Mr. Oscar R. Houston,* with whom *Messrs. Palmer. Pillans* and *James A. Leathers* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

In April, 1925, petitioner filed its declaration in the circuit court of Harris county, Mississippi, in an action to recover $50,000 from respondent, a Danish corporation, on an insurance policy. Thereupon the sheriff served a summons upon the state insurance commissioner, and the clerk of the court mailed a copy addressed to respondent at its home office in Copenhagen. There being diversity of citizenship, respondent removed the. case to the United States district court .for the Southern District of Mississippi, and filed a motion to quash and plea to the jurisdiction on the ground that respondent was not doing business in the State and had not authorized or consented to

such service.   Issue was joined, there was a trial at which much evidence was heard, the district court found for respondent, held the service invalid, sustained the plea and dismissed the case.   The Circuit Court of Appeals affirmed.   27 F. (2d) 329.

Petitioner was incorporated under the laws of Louisiana and engaged in the business of packing and shipping meats in the United States and other countries.   Respondent was incorporated in Denmark and engaged in the insurance business.   Neither of the parties was a resident or citizen of Mississippi; and, as found by both courts, respondent was not doing business in that State. In 1918 at Buenos Aires, Argentina, respondent issued to petitioner the policy on which this action was brought. It covered a shipment of beef belonging to petitioner in a vessel at Montevideo, Uruguay, to be carried to Havana, Cuba.   The declaration alleged a total loss and prayed judgment for the full amount of the policy.

In March, 1923, respondent, conformably to § 5864, Hemingway's Code, 1927, appointed the state insurance commissioner its attorney upon whom process might be served.   The authorization states that service upon him shall be deemed to be valid personal service upon the company, and that such authority shall continue " so long as any liability of the company remains outstanding " in Mississippi, whether incurred before or after such appointment.   And respondent, in accordance with the same section,* appointed a resident of the State for trans-

---

\* The provisions of § 5864 so far as material follow:

" No foreign insurance, indemnity or guaranty company shall be admitted and authorized to do business in this state until:   .

.   .   .

" Third.   It shall, by a duly executed instrument filed in his office, constitute and appoint the commissioner of insurance . . . its true and lawful attorney, upon whom all process in any action . . . against it may be served, and therein shall agree that any process

action of the business of reinsurance therein. It also annually reported such business and paid a license fee. §§ 5866, 5877, 5888. It made a deposit with an officer of the State of New York for the security of its policy holders in the United States and so complied with Mississippi law. § 5868.

Respondent's business in the United States was confined to reinsurance, and all such contracts were made in New York City. Some of the reinsured risks covered property in Mississippi, and that made the above-mentioned appointments necessary in order to comply with the laws of the State. § 5865.

Reinsurance involves no transaction or privity between the reinsurer and those originally assured. The lower courts rightly held that the making of the reinsurance compacts in New York between respondent and insurers of property in Mississippi was not the doing of business in that State. And, as its consent to be sued there cannot be implied from any transaction within the State, there is no jurisdiction unless respondent's authorization in respect of service is broad enough to extend to this case. *Phila. & Reading Co.* v. *McKibbin*, 243 U. S. 264.

The policy sued on was issued and the loss occurred in South America. The importation of such controversies would not serve any interest of Mississippi. The purpose of state statutes requiring the appointment by for-

against it which may be served upon its said attorney shall be of the same force and validity as if served on the company, and the authority thereof shall continue in force irrevocable so long as any liability of the company remains outstanding in this state. . . .

" Fourth: It shall appoint as its agent or agents in this state some resident or residents thereof other than the said commissioner, . . . authorizing the agent to acknowledge service of process for and on behalf of the company, and consenting that service of process on the agent shall be as valid as if served upon the company, according to the laws of this state, and waiving all claim of error by reason of such service."

eign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the State. *Old Wayne Life Ass'n v. McDonough,* 204 U. S. 8, 18, 21. *Simon v. Southern Railway,* 236 U. S. 115, 130. *Mitchell Furniture Co. v. Selden Breck Co.,* 257 U. S. 213, 215. *Louisville & Nashville R. R. Co. v. Chatters, ante,* p. 320. The language of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. No decision of the state supreme court supports the construction for which petitioner contends. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the State the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained.

Petitioner suggests that by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary. *General Investment Co. v. Lake Shore Ry.,* 260 U. S. 261, 268. *Lee v. Chesapeake & Ohio Ry.,* 260 U. S. 653. *Hassler v. Shaw,* 271 U. S. 195, 199. And petitioner asserts that, by joining its plea to the jurisdiction for lack of service with a plea in abatement because of another action pending, respondent appeared generally and submitted itself to the jurisdiction of the court. But the pleas were authorized by state practice which, under the Conformity Act, is adopted in the federal court. § 537, Hemingway's Code. U. S. C., Tit. 28, § 724. *Southern Pacific Co. v. Denton,* 146 U. S. 202, 209.

*Judgment affirmed.*