MORRIS & Co. *v.* SKANDINAVIA INS. Co. *et al.*

(Division A. Oct. 19, 1931.)

[137 So. 110. No. 29348.]

412

Green, Green & Jackson, of Jackson, and S. C. Mize, of Gulfport, for appellant.

**F. B. Jackson**, Assistant Attorney-General, of Jackson, for the state.

Palmer Pillans (of Pillans, Cowley & Gresham, of Mobile, Ala.) and **J. A. Leathers** (of Leathers & Greaves) for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree sustaining demurrers to, and dismissing, an original bill and a cross-bill. The original bill was filed by the state of Mississippi on the relation of J. H. Howie, district attorney, against the Skandinavia Insurance Company and Morris & Company. The statutes pertinent thereto, as they now appear in the Mississippi Code 1930, are sections 5165, 5166, and 5210. The reporter will set out the introductory statement and paragraph 4 of section 5165, and all of section 5166. Section 5210, Code 1930, prohibits an insurance company from reinsuring "any risk taken by it on any property located in Mississippi in any company not duly authorized to transact business herein."

It appears from the original bill and the supplement or amendment thereto that the appellee is an insurance company organized under the laws of Denmark, is licensed to do business in the state of New York, and has made a deposit with the treasurer thereof that complies

with the requirement of section 5166, Mississippi Code 1930, and that it has complied with the requirements of section 5165, Mississippi Code 1930, but has confined its Mississippi business to insuring other insurance companies against insurance risks assumed by them in Mississippi.

Morris & Company, a Louisiana corporation, sued the appellee in the circuit court of Harrison county on an insurance policy on property which was issued, delivered, and the loss thereunder occurred in a foreign county, service of process in which suit was accepted by the insurance commissioner. This suit, on motion of the appellant, was transferred to the federal district court, where the appellant filed a motion to quash the process and dismiss the suit.

The prayer of the bill is, in substance, that the appellee be enjoined from prosecuting its motion to quash the process in the suit against it by Morris & Company; that Morris & Company be required to propound its claim against the appellee; and that the appellee be directed to pay any money adjudged to be due by it to Morris & Company out of the deposit made by it with the treasurer of the state of New York, which, the bill alleges, constitutes a trust fund, under section 5166, Mississippi Code 1930, for the benefit of all of its policyholders and creditors in the United States. The insurance commissioner accepted service of process on this bill of complaint, and Morris & Company appeared and propounded its claim, a purely legal one, against the appellee on the insurance policy, hereinbefore referred to. Demurrers filed by the appellee to the bill and cross-bill were sustained, and both were dismissed.

It appears from the case of Morris & Co. v. Skandinavia Ins. Co., 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762, that the action at law of Morris & Company against the appellee, which was removed to the federal court, finally reached the Supreme Court of the United States,

where the judgments of the courts below quashing the process and dismissing the action were affirmed, on the ground that the statute requiring a foreign insurance company to appoint the insurance commissioner as its agent, upon whom process may be served, does not subject such insurance companies to the jurisdiction of the state courts in controversies growing out of transactions wholly without the state. This interpretation of the statute and the reason given therefor meets with our approval, from which it follows that the original bill filed by the state herein is without merit.

The dismissal of an original bill does not always necessarily carry with it the dismissal of a cross-bill filed in the same cause, Griffith Chan. Prac., sec. 384; but that rule without regard to its other limitations, cannot in equity and good conscience be applied here. The appellee was compelled to come into court and submit itself to the jurisdiction thereof in response to the state's wrongly filed bill of complaint, and, when Morris & Company appeared and filed its cross-bill pursuant to the prayer of the original bill, the appellee had only two courses open to it—to submit to a decree pro confesso thereon, or to appear and contest the right of Morris & Company to any decree at all. Had the court below overruled the demurrer to the cross-bill, the effect of section 147 of the Constitution, if any, on the right of this court to reverse its decree would have been presented; but, as it sustained the demurrer and declined to grant the relief prayed for, that section of the Constitution can have no application here.

Affirmed.