Edgar STAVANG, Plaintiff,

v.

AMERICAN POTASH AND CHEMICAL
CORPORATION, a Corporation,
Defendant.

Civ. A. No. 3105.

United States District Court
S. D. Mississippi,
Jackson Division.

March 31, 1964.

Quitman Ross, Laurel, Miss., for plaintiff.

Henley, Jones & Henley, Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

This is a suit for personal injury sustained by the plaintiff in Cloquet, Minnesota, on October 22, 1956, when his clothing became impregnated with certain explosive chemicals manufactured by the defendant and being used by the plaintiff while in the employment of another in the manufacture of matches when his clothing ignited and resulted in his serious injury. The defendant is a Delaware corporation which was incorporated under the laws of that state in 1926, and has always since said time been amenable to process within that state. It has never done any business in Minnesota, and has never qualified to do business in that state. The defendant qualified to do business in Mississippi on January 27, 1958, and pursuant to the requirements of the laws of this state,

the defendant appointed a resident agent for process on it in connection with such business done in Mississippi. The plaintiff filed this suit in this court on April 5, 1961, and process was served on its statutory resident agent. The plaintiff has moved to quash this process and to dismiss the suit for lack of jurisdiction of the person of the defendant under such process. It is the contention of the defendant that such service of process on it in this case under such circumstances does not vest this court with jurisdiction over the person of the corporation on a claim which accrued to a non-resident of this state and outside the state of Mississippi and within the state of Minnesota. The defendant likewise moves for a summary judgment on the ground that this action is barred by the one year statute of limitations of Delaware where the defendant was at all times after October 26, 1956, suable. Those questions will be discussed and resolved in the order stated.

■ It was once the rule that a foreign corporation could not be sued in an action for the recovery of a personal demand outside the state in which it was chartered. The principle that a corporation must dwell in the place of its creation, and cannot migrate to another sovereignty, coupled with the view that an officer of the corporation does not carry his functions with him when he leaves his state, prevented the maintenance of personal actions against it in foreign jurisdictions. Cf: St. Clair v. Cox, 106 U.S. 350, 1 S.Ct. 354, 27 L.Ed. 222. Accordingly, most states require the foreign corporation to appoint a resident agent for process on it as a condition precedent to the grant of authority for such corporation to do business in the state. Mississippi has such a statute appearing as § 5319, Mississippi Code 1942. 18 Fletcher on Corporations 343, 344, says that the object of statutes of this nature is to provide for the collection of debts due from foreign corporations to its citizens and to enforce contracts made in the state by foreign corporations through its agents. The process in this case was not served on some ordinary agent of the corporation found in Mississippi such as is described in §§ 1860, 1866 and 5346, Mississippi Code 1942, but this process was served on the statutory agent appointed by virtue of and pursuant to the requirements of the statute for qualifying the corporation to do business in Mississippi. This injury from this manufactured product accrued to a citizen of Minnesota within the state of Minnesota prior to defendant's qualifying to do business in Mississippi and has no relation to or connection with any business subsequently done in Mississippi. That appointment of such resident agent must be construed strictly as being in derogation of the common law on this subject as indicated. In Morris & Co. v. Skandinavia Ins. Co., Limited (5CCA), 27 F.2d 329, the plaintiff sued the defendant on a policy of marine insurance issued at Buenos Aires to cover a shipment of beef from Montevideo to Havana. Process was served on the Insurance Commissioner of Mississippi as statutory resident agent of the corporation and later on Robert E. Wilkerson, Inc., as designated resident agent for process. A motion to quash the process and dismiss the suit for lack of jurisdiction of the defendant was sustained and the suit was dismissed by the trial court. In affirming that decision on appeal, it was said that appellee had reinsured risks on property situated in Mississippi, and in compliance with the laws of Mississippi had appointed the Insurance Commissioner of Mississippi and Wilkerson as its agent for process; but that company (Wilkerson) has never had any transaction of reinsurance or other insurance for appellee, all such business being done in New York; that in compliance with Mississippi law that appellee filed annual statements of its reinsurance risks on Mississippi property and paid an annual tax based thereon. The Court further said: "We think it is clear appellee was not doing business in Mississippi, so as to be subject to suit in that state on a cause of action arising elsewhere. Old Wayne [Mutual] Life [Association] v.

McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Simon v. Southern [Railway], 236 U.S. 115, 35 S.Ct. 255, 59 L. Ed. 492." See copious annotation Central Motor Lines v. Brooks Transp. Co., 225 N.C. 733, 36 S.E.2d 271, 162 A.L.R. 1419, 1424–1426. On appeal the Supreme Court in Morris & Co. v. Skandinavia Ins. Co., Limited, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762, said: "The policy sued on was issued and the loss occurred in South America. The importation of such controversies would not serve any interest of Mississippi. The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state. Old Wayne Mut. Life Ass'n. v. McDonough, 204 U.S. 8, 18, 21, 27 S. Ct. 236, 51 L.Ed. 345; Simon v. Southern Railway Co., 236 U.S. 115, 130, 35 S.Ct. 255, 59 L.Ed. 492; Mitchell Furniture Co. v. Selden Breck [Const.] Co., 257 U.S. 213, 215, 42 S.Ct. 84, 66 L.Ed. 201; Louisville & Nashville R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711. The language of the appointment and of the statute under which it was made plainly implies that the scope of the agency is intended to be so limited. By the terms of both, the authority continues only so long as any liability of the company remains outstanding in Mississippi. No decision of the state Supreme Court supports the construction for which petitioner contends. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained." In Morris & Co. v. Skandinavia Ins. Co., 161 Miss. 411, 137 So. 110, the Court said that such process as is above described "does not subject such insurance companies to the jurisdiction of the state courts in controversies growing out of transactions wholly without the state.

This interpretation of the statute and the reason given therefor meets with our approval, from which it follows that the original bill filed by the state herein is without merit." That these appointments of statutory resident agents are strictly construed is further demonstrated in Livestock Services, Inc. v. American Cyanamid Co., 244 Miss. 531, 142 So.2d 210, where a dismissal by the trial court was affirmed and the motion to dismiss for lack of jurisdiction was finally sustained. In Walters v. Curtis Candy Co., 172 Miss. 187, 159 So. 560, the appellee, an Illinois corporation, had qualified to do business in Mississippi, but had subsequently withdrawn from the state. The right of action in suit accrued in Marion County while the corporation was qualified to do business and was doing business in Mississippi. It withdrew from Mississippi one year later and canceled the appointment of its resident agent, and one year later process was served on that resident agent in that suit. In affirming a dismissal of the suit for lack of jurisdiction, the court said that the record did not show the nature, or character of the business done in Mississippi; and that it was not made to appear that the purchase and sale of the alleged defective candy was in any way incident to or connected with the business done in this state; or that the alleged liability to the appellant grew out of or was ever connected with any business done by appellee in this state. That insofar as the record disclosed the sale of the candy in question may have been sold in interstate commerce between foreign corporations, and the retail merchant who delivered the candy to the appellant; and, upon these facts, the court below committed no error in sustaining the appellee's plea to the jurisdiction of the court. In 20 C.J.S. Corporations § 1920, p. 172, it is said that "[w]here the statute so provides *or is so construed,* the right to acquire jurisdiction by service on the officer irrevocably appointed for service will be limited to causes of action arising while the corporation was licensed to do business,

and to exclude causes arising theretofore." That likewise appears to be the rule in Anderson v. Chase Securities Corporation, 193 Minn. 443, 258 N.W. 743; Fletcher v. Southern Colonization Co., 148 Minn. 143, 181 N.W. 205, and Keller v. Southern Colonization Co., 148 Minn. 478, 181 N.W. 208.

■ It is accordingly the view of the Court that the motion to quash the process should be sustained, but there is nothing before the Court to show whether or not process may be had in Mississippi on some proper officer of the corporation found within the state engaged in its business here. Action on that part of the motion which requested a dismissal because of such defective process will, therefore, be deferred on that ground. Cf: § 5345, Mississippi Code 1942.

■ Ordinarily, the law of the forum controls as to the period of limitation applicable here. Tort actions in Mississippi are controlled as to limitation of actions by § 722, Code 1942 providing: "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after." This suit was brought in Mississippi within six years after the plaintiff's personal injury in Minnesota.

■■ The defendant has moved for a summary judgment on the ground that this suit is barred by the Delaware one year statute of limitation governing such actions, and that the corporation was only suable in that state prior to January 27, 1958, when the defendant first qualified to do business in Mississippi. § 741, Mississippi Code 1942, provides: "Action barred in another state barred here. When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state." This

is a very old statute wherein such a defendant is referred to by the personal pronoun (he), and it is suggested that it has no application to a corporation. Under Title 6 of the Code captioned "General Provisions—Definitions & Rules for Construction of Statutes," there appears § 689 which provides: "The term 'person,' when used in any statute, shall apply to artificial as well as natural persons; [etc]." That statute is sufficiently cognate to the inquiry here before the Court to justify the conclusion that it applies to corporations as well as persons or individuals. That kind of statute is generally referred to as a "borrowing statute" of limitations in furtherance of the general recognition of a sound public policy of limiting actions in the forum to the period which would be applicable if the action had been brought where it could have been instituted and maintained. There is no suggestion or inference in this record in response to this motion for summary judgment to indicate that defendant was suable anywhere other than in Delaware from October 22, 1956, to October 22, 1957, when the action would have been proscribed by the laws of Delaware. As to the function and application of these "borrowing statutes" see Order of United Commercial Travelers of America v. Wolfe, 331 U.S. 586, 67 S.Ct. 1355, 1365, 91 L.Ed. 1687. This § 741 simply provides that if an action accrues in another state and is barred by the laws of such state *"or of some other state and country where the defendant has resided before he resided in this state,"* then an action thereon cannot be maintained in this state. There thus appears to be no genuine issue of any material fact in this case. But for that situation, in the posture of this case, it would be transferred by this court to the United States District Court in Delaware under Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82A S.Ct. 913, 8 L.Ed.2d 39; but it further appears that such course would be vain and useless because the defendant is entitled to have its motion sustained as a matter of law under

the circumstances stated. The motion to quash the process will be sustained and the motion for a summary judgment will be sustained and the suit dismissed. The defendant may furnish the Court with a judgment accordingly under the rules of this Court.