**Edgar STAVANG, Appellant,**

v.

**AMERICAN POTASH AND CHEMICAL CORPORATION, Appellee.**

**No. 21605.**

United States Court of Appeals
Fifth Circuit.
April 15, 1965.

Quitman Ross, Laurel, Miss., Paul J. Louisell, Duluth, Minn., for appellant.

William S. Henley, Jackson, Miss., Henley, Jones & Henley, Jackson, Miss., of counsel, for appellee.

Before WHITAKER,* RIVES and JONES, Circuit Judges.

JONES, Circuit Judge:

The appellant, Edgar Stavang, who was plaintiff in the district court, was an employee of the Diamond Match Company at its plant in Cloquet, Minnesota, participating in the manufacture of matches. The appellant brought an action in the District Court for the Southern District of Mississippi against the appellee, American Potash and Chemical Corporation. The complaint alleged that the appellee furnished chemicals to Diamond Match which were combustible and liable to spontaneous combustion, that appellant's clothing became impregnated with these chemicals which suddenly "exploded and burst into flames" causing the appellant to be badly burned and injured. It is asserted that the appellee was negligent in failing to warn the appellant and his employer of the dangers incident to the use of the chemicals.

The complaint was filed on April 5, 1961, and fixed the date of the injury as October 22, 1956. On August 1, 1962, the appellee filed a motion to dismiss and answer. The sole ground asserted in the motion to dismiss is that the complaint does not state a claim upon which relief can be granted. In the answering portion of this pleading there is an admission of diversity of citizenship and of the amount in controversy followed by a conclusionary denial that the court has jurisdiction of the cause of action. The answer contains general and specific denials, asserts that no warning was required, that a warning was given, that the injuries were solely caused by the appellant's negligence, that the appellant was guilty of contributory negligence, that the failure of the appellant's employer to warn appellant was an intervening cause of his injury, and that the appellant assumed the risk of the injury which he sustained. The answer also pleaded the bar of limitations, and this defense will be further discussed in the opinion.

On February 19, 1964, nearly four years after the filing of the complaint and almost a year and a half subsequent to the filing of the motion to dismiss and answer, the appellee filed a motion to set aside the service of process and dismiss the action on the ground that the summons had been improperly served. On the same day, February 14, 1964, the appellee filed a motion for summary judgment on the ground that the cause of action was barred by limitations. The district court granted the motion to quash and set aside the service of process and granted summary judgment for the appellee, holding the action was barred by limitations. The reasons for the district court's judgment are set forth in its opinion. Stavang v. American Potash and Chemical Corporation, 227 F.Supp. 786.

On the question of the validity of the service of process on the appellee, we do not reach the question which was considered by the district court. Under Rule 12, Fed.Rules Civ.Proc. 28 U.S.C.A., the defense of absence of jurisdiction over the person was waived by the appellee The principle is thus stated:

"If a defendant proceeds *first* on the merits, as by a motion to dismiss for

* Senior Judge, United States Court of Claims, sitting by designation.

failure to state a claim or by an answer on the merits, and *thereafter* attempts to challenge jurisdiction over his person or improper venue, the challenge should fail; it comes too late, and has not been made in the manner prescribed in Rule 12." 2 Moore's Federal Practice 2262, Par. 12.12. See Orange Theatre Corporation v. Rayherstz Amusement Corporation, et al., 3rd Cir. 1944, 139 F.2d 871.

Although, for the foregoing reason, the district court erred in granting the motion to quash the service of process, its judgment should be affirmed if the summary judgment on the limitations issue is correct. The factual phases of the controversy as to limitations and the district court's reasons for its decision are adequately set forth in its opinion. 227 F. Supp. 786. The statement of the reasons assigned is a correct pronouncement of the applicable rules of law. We are in agreement with that portion of the court's opinion dealing with the statute of limitations and any elaboration here would be superfluous.

The judgment for the appellee is Affirmed.