Robert KERSHAW and Wife, Dorothy Kershaw, Plaintiffs-Appellees,

v.

STERLING DRUG, INC., Defendant-Appellant.

No. 26394.

United States Court of Appeals
Fifth Circuit.

Aug. 15, 1969.

Bob Ray, Jackson, Miss., P. A. Bienvenu, New Orleans, La., Ray, Lee & Moore, Jackson, Miss., Bienvenu & Culver, New Orleans, La., for defendant-appellant.

Jay H. Hedgepeth, Jackson, Miss., Joe Hill Jones, Gerald W. Moss, Dallas, Tex., Charles W. Crisler, Jr., Jackson, Miss., John C. McLaurin, Brandon, Miss., Sarah Ann (Sally) McDavid, Jackson, Miss., Carter, Gallagher, Jones & Magee, Dallas, Tex., and Hedgepeth & Hedgepeth, Jackson, Miss., for Robert Kershaw, and Wife, Dorothy Kershaw, plaintiffs-appellees.

Crisler, Crisler & Nicols, Jackson, Miss., for Mrs. Mary Ann Morgan.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

ATKINS, District Judge:

Sterling Drug, Inc. appeals from a jury verdict and judgment in the amount of $150,000 in favor of Robert Kershaw and Dorothy Kershaw, his wife. This was a diversity action for personal injuries to Dorothy Kershaw caused by her use of Sterling's drug Alaren. We affirm.

The plaintiff Dorothy Kershaw was afflicted with chloroquine retinopathy which resulted in the permanent degeneration of a portion of the retina of each eye. The disease did not produce total blindness but left the patient without the use of her central vision. By using her "side vision," Mrs. Kershaw was able to discern various forms and shapes. Her field of vision and depth perception were markedly impaired and could not be aided by the use of glasses. She was not able to sew, read effectively, or identify individuals.

The appellee took Alaren as treatment for rheumatoid arthritis for a substantial period prior to her affliction with chloroquine retinopathy pursuant to her physicians' prescriptions. Although Sterling contended at trial that Alaren did not cause the disease, they do not argue lack of causation on this appeal. Substantial evidence exists to show that Alaren was the cause of the injuries. Sterling's principal defense is that it gave proper notice to physicians after learning of Alaren's potential side effects and that it is therefore not chargeable with negligence.

After a jury verdict of $150,000 for Kershaw, Sterling moved for a new trial, or in the alternative, a remittitur. Both motions were denied.

Appellant raises six questions. They are:

(1) Under the Mississippi "borrowing statute," is the statute of limitations of Texas a bar to this suit?

(2) Did the court err in permitting the introduction of articles from medical journals and other exhibits?

(3) Was the jury's verdict supported by sufficient evidence that Sterling negligently failed to give adequate warning to the public and to prescribing physicians of the possible side effects of the drug Alaren?

(4) Was it error for the court to order consolidation of this case with a companion case which resulted in a substantially higher verdict and in which more extensive injuries were involved?

(5) Was it error to allow the plaintiffs' witness to refer to mortality tables?

(6) Did the court abuse its discretion in refusing to order a remittitur of the jury's verdict of $150,000 for plaintiffs Kershaw?

In treating these six points certain pertinent additional facts will be included.

## (1) *Statute of Limitations*

Kershaw is a resident and domiciliary of Texas, took Alaren in that state, and suffered her injuries in that state. Sterling is a Delaware corporation which has been qualified to do business in Mississippi for a substantial period of time.

 Sterling claims that the Kershaw cause of action is subject to the two year limitations period of Texas because of the Mississippi "borrowing statute," Miss.Code of 1942, 741:

When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or country, or of some other state and country where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state.

The appellees correctly point out that the Mississippi borrowing statute does not apply in this case since the statute has no application to a corporation that resided in or was qualified to do business in Mississippi at the time the cause of action arose. Louisville & N. R. Co. v. Pool, 72 Miss. 487, 16 So. 753 (1895); Louisiana & Miss. R. Transfer Co. v. Long, 159 Miss. 654, 131 So. 84 (1930). However, simply because the borrowing statute is inapplicable, Mississippi's six year limitation does not automatically control the action.[1] Rather, the issue is under Mississippi's choice of law rules, does the statute of limitations of the state where the plaintiffs reside and the injury took place apply? From the language in *Pool*, supra, it appears that

Mississippi follows the traditional rule that statutes of limitations are "procedural" rather than "substantive" and that the forum's limitations period applies. Sheets v. Burman, 322 F.2d 277 (5th Cir. 1963).

## (2) *Admission of Articles in Medical Journals and Medical Exhibits*

 Over Sterling's objection, Kershaw was permitted to examine her expert medical witnesses concerning the contents of medical articles about chloroquine retinopathy and to introduce the articles into evidence. While Sterling is correct in arguing that the articles were hearsay as to the existence and nature of the disease, they were properly introduced to show that Sterling reasonably should have known of the existence and nature of the disease. Since the articles were admissible, the expert witness properly could explain their technical meaning to the jury.

 The court did not err in allowing the introduction of photographs and slides. These exhibits were in the nature of models, and were used for demonstrative and illustrative purposes.

## (3) *Sterling's Failure to Give Warning*

 Although Sterling failed to move for a directed verdict at the close of the evidence, it contends that the evidence shows conclusively that an adequate warning to physicians of the potential dangers of Alaren was timely given by Sterling. The plaintiffs offered abundant evidence that Sterling reasonably should have known of Alaren's properties several years before it issued warnings. Moreover, the plaintiffs introduced evidence showing that the warnings, when issued, were insufficient. We find that adequate and timely warning was not given.

---

1. The appellees urge that under Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the statute of limitations of the state in which the case was filed will be applicable. This is incorrect. *Erie* commands that the *conflict of laws* rules of the forum control. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). A forum state's conflict rules would not necessarily call for the application of its own limitations period to all causes of action.

#### (4) *Consolidation of Cases*

Sterling contends that the Kershaw case and a companion case (since settled) should not have been consolidated and that the consolidation should not have been ordered one day prior to the trial.

 Fed.R.Civ.P. 42(a) permits the trial judge to order consolidation when actions involving a common question of law or fact are pending. The common questions of fact in this case included the causation of chloroquine retinopathy, Sterling's knowledge of the disease, and the nature of its warnings. Common questions of law were presented on Sterling's duty and the reasonableness of its warnings. Sterling fails to show how it was unduly prejudiced by joinder and we find that the cases were proper for consolidation.[2] We find further that in charging the jury, the trial judge sufficiently emphasized the importance of separating the Kershaw and the companion case for consideration and verdict. It is apparent the jury did this.

#### (5) *Mortality Tables*

Sterling's objection that mortality tables should not have been introduced because the plaintiff Kershaw was not in good health is without merit. Although arguably subject to exclusion under Mississippi practice, the tables were freely admissible under the Federal Equity practice and consequently are admissible under Fed.R.Civ.P. 43(a). See Vicksburgh & Meridian R. Co. v. Putnam, 118 U.S. 545, 7 S.Ct. 1, 30 L.Ed. 257 (1886). Appellant was still free to argue that such tables are based on average life expectancies and the jury may consider any conditions of health which might cause appellee not to equal the average.

#### (6) *Excessiveness of the verdict*

The standard by which a judge's refusal to grant a new trial or remit-titur is measured is "manifest abuse of discretion." See Southern Natural Gas Co. v. Wilson, 304 F.2d 253 (5th Cir. 1964); Whiteman v. Pitrie, 220 F.2d 914 (5th Cir. 1955). As this court said in St. Louis Southwestern Ry. Co. v. Williams, 397 F.2d 147, 152 (5th Cir. 1968):

> "at a minimum, that courts of appeals should be cautious indeed in interfering with the decisions of trial courts on motions for a new trial based on a claim of excessive damages."

We have carefully considered the evidence before the trial judge and cannot say that he abused his discretion in denying relief to Appellant because of the amount of this verdict. We do not find it excessive as a matter of law.

Affirmed.

---

**2.** Sterling opposed consolidation, but the grounds for its opposition do not appear in the record. It had earlier moved for a continuance because of difficulty in obtaining witnesses which motion had been denied, but it did not move again for a continuance after the order of consolidation.