In re **ORAL CONTRACEPTIVES PROD- UCTS** Liability Litigation.

No. 62.

Judicial Panel on Multidistrict Litigation.

Feb. 18, 1971.

——◆——

Before ALFRED P. MURRAH, Chairman *, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JO-SEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The House Judiciary Committee Report recommending the passage of S. 159, which established the Judicial Panel on Multidistrict Litigation and added Section 1407 to Title 28 of the United States Code, noted that

> \* \* \* The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include not only civil antitrust actions but also, common disaster (air crash) actions, patent and trademark suits, *products liability actions,* and securities law violations actions, among others.[1]  [Emphasis Added]

Although the Panel has known of the existence of several groups of product liability litigation during the past two years, none has seemed appropriate for transfer under Section 1407.[2]

The Panel recently became aware of the extensive litigation involving the use and alleged side effects of oral contraceptives. The statistics compiled by the Administrative Office of the United States Courts revealed that there were more than twenty recent actions brought against one manufacturer, G. D. Searle & Company, resulting from the use of one or more of its oral contraceptive products.[3] The Panel therefore entered an order directing the parties to show cause why the cases listed on the attached Schedule A should not be transferred for coordinated or consolidated pretrial proceedings, under 28 U.S.C. § 1407.[4]  A

---

* Judges Murrah and Lord were unable to attend the hearing but with the consent of all parties they have participated in this decision on the basis of the transcript of the hearing and the pleadings filed in this matter.

1. House Report No. 1130, p. 3 (February 28, 1968).

2. For example, the Panel was aware of the existence of the multidistrict litigation involving *Aralen* and *MER 29 but* since many of these cases had been commenced long before the Panel was created, it did not appear that the benefits of Section 1407 would result from the transfer of these cases.

3. If transfer of these cases was found to be appropriate, the Panel would have considered similar actions now pending against manufacturers of other oral contraceptives.

4. Although some of these cases had been started more than a year ago, it appeared that the bulk of them had been com-

second order was entered setting this matter for hearing in San Francisco on January 22, 1971.

In their written responses and at the hearing, the parties unanimously contend that there are few if any common questions of fact among these cases and that transfer of any of these cases would not serve the convenience of the parties and their witnesses.[5] In the absence of a showing that there are common questions of fact among the cases to be transferred and that such a transfer would serve the convenience of the parties and their witnesses and promote the just and efficient conduct of the entire litigation, there can, of course, be no transfer under Section 1407. Our decision not to transfer any of these actions at the present time is without prejudice to the right of any party to later move for transfer of any or all of these cases or of the Panel to reconsider transfer on its own initiative.

Transfer denied.

### SCHEDULE A

#### Eastern District of California

| | |
|---|---|
| Audrey L. Brush & James Brush v. G. D. Searle & Co. | CIVIL ACTION No. Civ. S–1644 |
| Consuelo Ramirez & Juan Ramirez v. G. D. Searle & Co., et al. | CIVIL ACTION No. Civ. S–1764 |
| Patricia Carter McCoy & Freddie McCoy v. G. D. Searle & Co. | CIVIL ACTION No. Civ. S–1771 |

#### District of Connecticut

| | |
|---|---|
| Norbert W. St. Martin, etc. v. G. D. Searle & Co. (Est. of Phyllis Seaton) | CIVIL ACTION No. 13909 |
| Ruth Jean Olsen v. G. D. Searle & Co. | CIVIL ACTION B–138 |
| Cynthia O'Hara v. G. D. Searle & Co. | CIVIL ACTION B–155 |

#### District of Kansas

| | |
|---|---|
| Amelia Ramsey v. G. D. Searle & Co. | CIVIL ACTION No. W–4206 |

#### Eastern District of Michigan

| | |
|---|---|
| Sandra Jane Pennanen & Allan Pennanen v. G. D. Searle & Co. | CIVIL ACTION No. 30765 |
| Rosemary Fitzpatrick & James Fitzpatrick v. G. D. Searle & Co. | CIVIL ACTION No. 35325 |

———◆———

menced within the past year, possibly as a result of the adverse publicity the Pill has received in recent months. The Panel attempted to exclude the older cases from its order to show cause.

5. We are not unaware that other drug cases have involved common questions of fact relating to dangerousness, duty to warn, and method of notice. See Basko v. Sterling Drug, Inc., 416 F.2d 417 (2d Cir. 1969); Kershaw v. Sterling Drug, Inc., 415 F.2d 1009 (5th Cir. 1969); Schenebeck v. Sterling Drug, Inc., 423 F.2d 919 (8th Cir. 1970); and Sterling Drug, Inc. v. Yarrow, 408 F.2d 978 (8th Cir. 1969).

### District of Nebraska

Juanita Jo McCartney v. G. D. Searle & Co.
CIVIL ACTION
No. Civ. 03153

Nancy J. Searcy v. G. D. Searle & Co.
CIVIL ACTION
No. Civ. 03602

### District of New Jersey

Marilyn Tabatchnick & Jay Tabatchnick v. G. D. Searle & Co., et al.
CIVIL ACTION
No. 758–70

Willie Gray, Sr., etc. v. G. D. Searle & Co., et al.
CIVIL ACTION
No. 1133–70

### Western District of New York

Edward F. Urban & Camille C. Urban v. G. D. Searle & Co.
CIVIL ACTION
No. Civ.–1970–39

Edward C. Cranford & Beverly Cranford v. G. D. Searle & Co., et al.
CIVIL ACTION
No. Civ.–1970–195

### Southern District of Ohio

Harry Seyfang v. G. D. Searle & Co., et al.
CIVIL ACTION
No. Civil 3684

Marvene A. Seyfang v. G. D. Searle & Co., et al.
CIVIL ACTION
No. Civil 3683

Sadie Hotchkiss v. G. D. Searle & Co.
CIVIL ACTION
No. Civil 7205

### District of Rhode Island

Sandra Oresman & Richard Oresman v. G. D. Searle & Co.
CIVIL ACTION
No. Civil 4205

### Western District of Texas

Gary L. Hancock & Nancy Hancock v. G. D. Searle & Co.
CIVIL ACTION
No. SA 70 CA 130