**Mrs. Nancy K. STEELE, Plaintiff,**

v.

**G. D. SEARLE AND COMPANY,**
**Defendant.**

**Civ. A. No. 4614.**

United States District Court,
S. D. Mississippi,
Jackson Division.

Nov. 24, 1976.

Alfred N. Crisler, Jackson, Miss., William Larry Latham, Jackson, Miss., for plaintiff.

Cary E. Bufkin, Jackson, Miss., Michael S. Allred, Jackson, Miss., for defendant.

## OPINION

DAN M. RUSSELL, Jr., Chief Judge.

Following the remand of the above styled case to this Court, *Steele v. G. D. Searle & Co.,* 5 Cir., 483 F.2d 339, the defendant filed a motion for summary judgment predicated upon its earlier asserted defense that the applicable Kansas statute of limitations bars this action in Mississippi. It is to this issue that the briefs and oral argument of opposing counsel have been addressed.

In this diversity case, it is undisputed that had plaintiff, a resident of Kansas, and whose cause of action accrued in Kansas, brought her action in Kansas, it would have been barred. Her injury allegedly occurred in Kansas on February 15, 1964, and the applicable Kansas statute of limitations is two years [KSA–60–513 (1968)]. For a similar type injury in Mississippi, the applicable statute is six years (Section 15–1–49, Mississippi Code of 1972). Plaintiff filed her action in the Chancery Court of the First Judicial District of Hinds County, Mississippi, on January 20, 1970, within one month of the expiration of the Mississippi limitation period, using state chancery attachment proceedings against resident creditors of Searle, a non-resident of Mississippi.

The case was removed to federal court, and upon defendant's motion to dismiss for lack of jurisdiction, the Judge to whom the case was assigned found that the federal court had in rem jurisdiction, but declined to rule on whether jurisdiction in personam had been established. Following a re-assignment of cases assigning this case to the undersigned Judge, defendant renewed its motion to dismiss for lack of jurisdiction on the grounds that defendant is not amenable to personal jurisdiction in that it has not qualified to do business in Mississippi and conducts no business in Mississippi, and the action being in rem may not be maintained by a non-resident plaintiff against a non-resident defendant under the due process or commerce clause of the U. S. Constitution. This Court found that the attempted service of process on the Secretary of State of Mississippi under the long arm statute was ineffective in that no part of plaintiff's cause of action accrued in this state or grew out of any tort, in whole or in part, committed by defendant in this state and that defendant had not had the "minimal contacts" otherwise necessary. As to the asserted jurisdiction in rem, the Court cited *Pennoyer v. Neff,* 95 U.S. 174, 24 L.Ed. 565, to the effect that such a procedure is a just and legitimate exercise of a state's authority to hold and appropriate property owned by the non-resident attachment debtors to satisfy the claims of its *own citizens.* However, where, as here, plaintiff was a non-resident, and defendant was found to be a non-resident, the Court held that, Mississippi having no interest in the case, jurisdiction should be denied. It was this decision that the Fifth Circuit panel reversed. Although not specifically disturbing this Court's finding that Searle's activities in Mississippi lacked the requisite minimal contacts under Mississippi law to support personal jurisdiction, the Fifth Circuit panel nonetheless had this to say: "Appellee can hardly claim to be a stranger to Mississippi or its laws. It has regularly dealt with companies incorporated or licensed to do business in Mississippi. In the course of these transactions, Searle both expected and received the protection of Mississippi law. The prospect of having to defend a suit in that state, albeit on a foreign cause of action, cannot fairly be seen as a rude and unbelievable shock to a company that maintains employees and ships several hundred thousand dollars worth of merchandise into Mississippi each year. In the horse and buggy days distance was a meaningful menace. Today we approach the speed of light, and corporations avail themselves of all the modern aspects of living. In our mobile society corporations cannot feel alien where their commercial interests magnetize them". Prior to this language the panel had said: "Indeed, the presence of the res, tangible or otherwise, within the jurisdiction represents a crucial point of contact. It goes far toward providing the essential

'minimum' necessary for the constitutional assumption of jurisdiction".

With this language in mind the Court turns to the motion before it now. It begins its consideration with Sections 142 and 143, Restatement of the Law, Second, "Conflict of Laws 2d", page 396:

# 142. Statutes of Limitation of Forum

(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.

(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in # 143.

# 143. Foreign Statute of Limitations Barring the Right

An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy.

Under "Comments" pertaining to Section 142(1), it is stated that, as between states, application of subsection (1) is permissible under full faith and credit. *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211.

In the comments on Subsection (2), it is stated that, except for Section 143, each state determines for itself when a claim becomes stale, and hence maintenance of an action in the state of the forum is not ordinarily precluded by the fact that it is barred by the statute of limitations of another state, unless the bar of this latter statute is made applicable by a borrowing statute of the forum.

As to Section 143, the comments under this section indicate that application of the rule depends upon the local law of the forum, that is, it is for the courts of each state to determine the circumstances in which the rule is applicable.

Mississippi's so-called "borrowing statute", Section 15–1–65, is as follows:

"When a cause of action has accrued in some other state or in a foreign country, and by the law of such state or county, or of some other state and county where the defendant has resided before he resided in this state, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state".

Except for the fact that the defendant in *Kershaw v. Sterling Drug, Inc.*, 5 Cir., 415 F.2d 1009, qualified to do and was doing business in Mississippi at the time plaintiff Kershaw's cause of action accrued, the same issue was presented in *Kershaw* as here. The defendant in *Kershaw* contended that the Texas' two-year statute of limitations applied. The Appellate Court, as to this issue, ruled that the borrowing statute had no application to a corporation that was doing business in Mississippi, citing Mississippi cases as authority. However, the Appellate Court also found that simply because the borrowing statute was inapplicable, the Mississippi longer statute of limitations nevertheless applied because, under Mississippi's choice of law rules, Mississippi has followed the traditional rule that statutes of limitations are procedural rather than substantive and that the forum's limitations period applies.

In *Ramsay v. Boeing Co.*, 432 F.2d 592, at page 596, the Fifth Circuit stated:

"In most instances, Mississippi follows the traditional rule that a statute of limitation is procedural for the purposes of choice of law and that the applicable statute of limitation of the forum state generally applies to a cause of action arising under the laws of another jurisdiction". *Guthrie v. Merchants National Bank of Mobile*, 254 Miss. 532, 180 So.2d 309, was cited as the authority for the above rule, which in turn relied on *Wright v. Mordaunt*, 77 Misc. 537, 27 So. 640. In both *Guthrie* and *Wright*, the defendants, as well as plaintiffs, were nonresidents of the State of Mississippi, at the time the pertinent causes of action arose, the defendants moving into Mississippi at later dates, where plaintiffs were able to acquire process.

In *Ramsay*, the Appellate Court recognized an exception to Mississippi's cases holding that a statute of limitation is procedural. In *Ramsay* it was established that Belgium's five-year prescription statute conditioned the existence of the right of action in such a way as to extinguish the right after the expiration of five years. The Court found that it was bound by the construction placed on the foreign statute of limitation by the courts of that jurisdiction. This holding does no violence to Section 143 of Restatement, supra, but conforms to the rule. The fact that Boeing was qualified to do business in Mississippi was noted in the opinion, but this fact was apparently not crucial to the ultimate decision.

However, in *Stavang v. American Potash and Chemical Corporation*, D.C., 227 F.Supp. 786, that court dealt with both the jurisdictional issue as well as Mississippi's borrowing statutes. *Stavang* involved a cause of action which accrued in Minnesota to a Minnesota resident. The defendant, a Delaware corporation, had never qualified to do business in Minnesota. Nor had it qualified to do business in the State of Mississippi until after the cause of action accrued in Minnesota. While the court in *Stavang* pretermitted the question of whether the service of process on defendant's statutory agent in Mississippi conferred jurisdiction, it did rule that under Mississippi's borrowing statute, the Mississippi statute of limitations was not applicable. As to the jurisdictional issue, the court in *Stavang* quoted language from *Morris & Co. v. Skandinavia Ins. Co., Ltd.*, 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762, thusly:

"The policy sued on was issued and the loss occurred in South America. The importation of such controversies would not serve any interest in Mississippi. The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state. (Underscoring added) . . .. And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests". The tenor of this holding was the basis of this Court's denial of jurisdiction here. However, as this ruling was overturned by the Appellate Court, the facts herein may be likened to the facts in *Kershaw v. Sterling Drug, Inc.*, supra. Defendant here claims that the fact that Sterling is not a resident of Mississippi, subject to personal service of process, is of critical importance and that the borrowing statute should be interpreted as it was in *Stavang*. The Court finds this argument persuasive, but not enough to ignore the rulings that hold that Mississippi, in this case, would follow its previous conflict of laws decisions, that is, it would apply the Mississippi statute of limitations where the statutes of the state wherein the action accrued are considered procedural rather than substantive.

From Kansas cases cited by plaintiff in her brief, Kansas has repeatedly held that its statutes of limitations are "procedural" in that they affect only the remedy and do not in any other way affect a cause of action. *In re Estate of Wood*, 198 Kan. 313, 424 P.2d 528 and cases cited therein, and *Murray v. Modoc State Bank*, 181 Kan. 642, 313 P.2d 304.

This Court is bound to follow the conflict of laws rules prevailing in the Mississippi courts. *Day and Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3, and *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

Accordingly, defendant's motion for summary judgment must be overruled.

An appropriate order may be submitted within the ten day rule of this Court.