694 F.2d 104
 Mary Ezell COWAN, individually and as community survivor of
the estate of Earl Cowan, deceased, and on behalf of the
heirs at law of Earl Cowan, Boyce Wayne Cowan, Earline
Tennison, and Clifford Dale Cowan, Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY, Defendant-Appellee.
 No. 82-4107
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 20, 1982.
 Melvin & Melvin, Leonard B. Melvin, Jr., Laurel, Miss., Ament, Dixon & Richards, Robert Wm. Richards, Jacksonville, Tex., for plaintiffs-appellants.
 Watkins & Eager, Michael W. Ulmer, Jackson, Miss., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before BROWN, REAVLEY and JOLLY, Circuit Judges.
 JOHN R. BROWN, Circuit Judge:
 
 
 1
 Mary Ezell Cowan brings this diversity suit against the Ford Motor Company (Ford) in United States District Court in Mississippi, pleading a cause of action which arose entirely out-of-state. Neither she nor Ford is a resident of Mississippi. Ford, however, is expressly authorized to do business in Mississippi, is actually doing business, and has designated a resident agent upon whom process was served.[1] The sole question before us is whether the district judge erred in declining to accept jurisdiction and dismissing the case. We hold that he did err. Accordingly, we reverse and remand.
 
 
 2
 On Christmas Day, in 1975, Earl Cowan was critically injured in a pickup truck accident in Cherokee County, Texas. He died on January 18, 1976. In the winter of 1981, long after the two-year Texas statute of limitations had expired,[2] his widow, Mary Ezell Cowan, filed this suit against Ford. She and the named heirs-at-law are residents of Texas, as was her husband. Ford is incorporated in Delaware with its principal place of business in Michigan. The truck was neither manufactured nor sold in Mississippi. After service of process on its resident agent in Mississippi, Ford filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b). The district judge granted the motion.[3]
 
 
 3
 In a diversity action, the reach of federal jurisdiction over persons is measured by the law of the forum state subject, however, to Federal Due Process claims. Therefore we must first ask whether Mississippi claims the right to bring Ford before its courts to answer a non-resident's complaint over an out-of-state cause. If so, we must then decide whether the Due Process Clause allows that exercise of jurisdiction. We find that Mississippi does assert this right and that it constitutionally may do so.
 
 
 4
 In Poole v. Mississippi Publishers Corp., 208 Miss. 364, 44 So.2d 467 (1950), the Mississippi Supreme Court considered at length the effect and purpose of the statute compelling an authorized corporation to designate an in-state agent for service of process.
 
 
 5
 Our holdings in the case[4] may be summarized as that, all foreign corporations doing business in Mississippi shall be subject to suit here to the same extent that corporations of the state are, whether the cause of action accrued here or not, and this statute indicates a general policy of equality and similarity of treatment as between foreign and domestic corporations.
 
 
 6
 44 So.2d at 473.
 
 
 7
 This policy of equality of treatment was followed in Leavell v. Doster, 211 So.2d 813 (Miss.1968). In Leavell a foreign corporation, authorized to do business and with an appointed agent in Mississippi, was allowed to take advantage of the state's long-arm statute. A corporation not authorized to do business would not have been. The Court held that for the purposes of the statute, a corporation authorized to do business was to be considered equivalent to a resident of the state.
 
 
 8
 The question is definitively settled by S & W Construction Co. v. Douglas, 244 Miss. 498, 142 So.2d 33 (1962). In S & W Construction, the Mississippi Supreme Court met an argument identical to Ford's in this case.
 
 
 9
 Appellant contends that it was not suable in Coahoma County, Mississippi, on the ground that appellant is a Tennessee corporation, plaintiff is a resident of Tennessee, and the accident occurred in Tennessee. Appellee contends that appellant qualified to do business in Mississippi in 1948, and appointed a resident agent for the service of process, and service was had on said agent. We hold that the Circuit Court of Coahoma County had jurisdiction to hear the case.
 
 
 10
 142 So.2d at 34.
 
 
 11
 Ford seeks to distinguish S & W Construction by pointing out that the accident therein occurred close to the Mississippi border and that the Tennessee plaintiff had once lived in Mississippi. The Court's opinion, however, clearly does not rely upon or even give any consideration to those factors.
 
 
 12
 Ford stresses Morris & Co. v. Skandinavia Insurance Co., 279 U.S. 405, 49 S.Ct. 360, 73 L.Ed. 762 (1929) (Morris I ), and Morris & Co. v. Skandinavia Insurance Co., 161 Miss. 411, 137 So. 110 (1931) (Morris II ) to support its interpretation of Mississippi law. In those pre-Erie cases, the courts held that Mississippi did not presume to exercise jurisdiction over a foreign insurance corporation in a suit filed by a non-resident over a contract entered into out-of-state. Two distinctions between those and the present case are readily apparent. The corporation in Morris, a reinsurer, was held not to be "doing business" in the state. In addition, the courts were interpreting neither Sec. 79-3-229 nor its predecessor, but a statute appointing the state insurance commissioner as agent for process of any insurer liable for property in Mississippi.
 
 
 13
 The Supreme Court, in Morris I, stated, "The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state." 279 U.S. at 409-10, 49 S.Ct. at 361-62. In light of the many developments in the law of jurisdiction and due process since 1929,[5] the continued value of this observation may be open to question. Whatever its worth, however, the Court then, as it does now, plainly left to the states the interpretation of the reach of their own statutes. S & W Construction decides the issue in Mississippi.
 
 
 14
 Mississippi law gives its courts jurisdiction over Ford.
 
 
 15
 We must now consider whether Mississippi's exercise of jurisdiction is offensive to due process. Our starting point necessarily is Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). In that case, a non-resident plaintiff sued a foreign corporation in Ohio on a cause of action arising from activities entirely distinct from the corporation's activities in Ohio. Having found that the corporation had sufficient contacts with the state, the Court was able to find "no requirement of federal due process that either prohibits Ohio from opening its courts to the cause of action here presented or compels Ohio to do so." (emphasis in original) 342 U.S. at 446, 72 S.Ct. at 418.[6]
 
 
 16
 Ford attempts to rely upon Curtis Publishing Co. v. Birdsong, 360 F.2d 344 (5th Cir.1966) and succeeding cases[7] for the proposition that the forum state must have an interest in the cause of action before it may subject a non-resident defendant to its jurisdiction. This line of cases is inapposite, however, for it is concerned with the exercise of jurisdiction under state long-arm statutes, not with service upon a statutorily appointed agent for a foreign corporation which sought and obtained a permit to do business in Mississippi, as here. In Birdsong and its progeny, the question is whether it is fair and reasonable to compel the defendant to come into the forum to defend the suit. Here, Ford has already come into Mississippi and voluntarily subjected itself to Mississippi process. It has agreed to be treated as a resident corporation. By appointing a resident agent and conducting substantial business in Mississippi, it has consented to Mississippi's exercise of personal jurisdiction. It can hardly be considered unfair or unreasonable for Mississippi to use that authority.[8]
 
 
 17
 Mississippi has a recognizable interest in this cause, moreover. Its exercise of jurisdiction is consistent with, and necessary to, its avowed policy of treating authorized foreign corporations and domestic corporations equivalently.
 
 
 18
 Ford contends in addition that it would violate due process for Mississippi to apply its statute of limitations to this case.[9] In making this argument, Ford relies primarily on Home Insurance Co. v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930). That case, however, simply refused to allow Texas substantive law to be used to vitiate specific provisions of a Mexican insurance contract. It has nothing to do with the situation at hand. It does not preclude the forum state from entertaining a suit barred by the statute of limitations of the state whose substantive law may control. Allstate Insurance Co. v. Hague, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981), also cited by Ford, is also beside the point, for it too is concerned with the proper application of substantive law.
 
 
 19
 Ford argues that application of the Mississippi statute would infringe upon the sovereignty of Texas. According to Ford, the Texas statute of limitations enforces Texas' legitimate and hallowed policy of preventing its citizens from pursuing or being subjected to tort claims more than two years old, in any forum whatsoever. Limitation statutes, however, are designed to close the doors of a state's courts to untimely claims. This purpose is not subverted by Mississippi's application of its own limitations period to an action filed in its own courts. Imposing Texas' statute upon Mississippi, on the other hand, would quite certainly infringe upon Mississippi's sovereignty.
 
 
 20
 The district judge erred in using his "inherent discretion" to decline jurisdiction. Cf. Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). Mississippi in fact has jurisdiction over this case. The Due Process Clause forbids neither its exercise of that jurisdiction nor its application of its own statute of limitations.
 
 
 21
 REVERSED AND REMANDED.
 
 
 
 [1]
 Miss.Code Ann. Sec. 79-3-229 (1973), under which process was served, provides:
 The registered agent so appointed by a foreign corporation authorized to transact business in this state shall be an agent of such corporation upon whom any process, notice or demand required or permitted by law to be served upon the corporation may be served.
 * * *
 
 
 [2]
 Tex.Rev.Civ.Stat.Ann. art. 5526(7) (Vernon 1958). Mississippi's six-year limitations period is set out at Miss.Code Ann. Sec. 15-1-49 (1972)
 
 
 [3]
 The issue is well stated in the following conclusions of law by the trial judge:
 This Court has discretion in accepting or rejecting jurisdiction under the authority of Perkins v. Benguet Consolidated Mining Company, 342 U.S. 437, 96 L.Ed. 485, 72 S.Ct. 413. Further, the Court finds persuasive Curtis Publishing Company v. Birdsong, 360 F.2d 344 (C.A. 5th, 1966), and Stavang v. American Potash and Chemical Corp., 227 F.Supp. 786 (S.D.Miss., 1964), aff'd 344 F.2d 117. In that Mississippi has no interest in this litigation and in the exercise of its discretion, the Court declines to assume jurisdiction over this litigation and dismisses same without prejudice. (emphasis in original).
 
 
 [4]
 The Court referred to Sandford v. Dixie Construction Co., 157 Miss. 626, 128 So. 887 (1930)
 
 
 [5]
 These are developed in part in our recent opinion in Burstein v. State Bar of California, 693 F.2d 511 (5th Cir.1982)
 
 
 [6]
 The district judge interpreted Perkins to grant the courts discretion to decline or accept jurisdiction over nonresidents in individual cases. We find no such holding in Perkins
 
 
 [7]
 See Product Promotions v. Cousteau, 495 F.2d 483 (5th Cir.1974); Standard Fittings Co. v. Sapag, S.A., 625 F.2d 630 (5th Cir.1980); Marathon Metallic Building Co. v. Mountain Empire Construction Co., 653 F.2d 921 (5th Cir.1981); Austin v. North American Forest Products, 656 F.2d 1076 (5th Cir.1981)
 
 
 [8]
 Several times in recent years the Supreme Court has found state attempts to exercise jurisdiction over non-resident defendants to violate due process. See Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1978); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1981); Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980). In each of those cases the state's attempt to bring the defendant before its courts offended traditional notions of fair play and substantial justice because the defendant lacked sufficient minimum contacts with the forum state. Here, however, sufficient contacts indisputably are present
 The "contours" of jurisdictional due process, as shaped by these and earlier decisions, are ably mapped by Judge Tate in Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003 (5th Cir.1982).
 
 
 [9]
 This argument was not raised in Ford's Rule 12(b) motion before the district court