ANDERSON MERCANTILE CO. *v.* CUDAHY PACKING CO.

[90 South. 11. No. 22116.]

JUDGMENT. *Return of service on corporation defendant held insufficient to sustain default judgment.*

Under section 3932, Code of 1906 (Section 2939, Hemingway's Code), which provides that, if the defendant in any suit be a corporation, process may be served on the president or other head of the cor-

poration, upon the cashier, secretary, treasurer, clerk, agent, or one of the directors of such corporation, in a case where judgment by default was taken against a corporation defendant in which the return on the process for such defendant recited that it had been personally served by delivering a true copy to the defendant, such judgment by default is void because of a noncompliance with said statute in that the return failed to show service on one of the officers or agents named in the statute; a compliance with which in that respect being mandatory and jurisdictional.

APPEAL from circuit court of Perry county.
HON. R. S. HALL, Judge.

Action by the Cudahy Packing Company against the Anderson Mercantile Company. From a judgment by default, defendant appeals. Reversed and remanded.

*E. C. Fishel,* for appellant.

Section 3932 of the Code of 1906, provides for the service of process upon corporations and is liberal as to the manner of getting a defendant corporation into court, and we respectfully submit that this section outlines the only legal and proper way of bringing a defendant into court, which service must be on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent or upon any one of the directors.

In the instant case the return recites service on the corporation, an impossible thing, as the Anderson Mercantile Co., is only a person theoretically and the service, if any is had, must of necessity be on some officer or agent and the particular ones are set out in the code.

This court has said in the case of *Alabama & V. Ry. Co.* v. *Bolding,* 69 Miss. 255, 13 So. 844, process can be served on a corporation in no other way than by service on some officer or agent qualified by law for that purpose. In the case of *Watkins Machine & Foundry Co.* v. *Cincinnati Rubber Co.,* 52 So. 629, and in the case of *Supreme Ruling of Fraternal Mystic Circle* v. *Sommers,* 108 Miss. 54, 66 So. 322, the process was returned showing that it had been

served on some individual, leaving the only question as to the relation of that individual to the corporation, and in each of these cases this court said the returns were not sufficient to support a judgment by default, and the cases were both reversed.

In the case at bar judgment was rendered by default and returns on the summons do not show that the summons was served on any individual, and I cannot convince myself that this court will hold a service of process to be good where more of the essentially necessary part of the return was omitted, than in the last two cases cited above. The court will note that in each of these two cases process was served on some person, but does not show the connection of that person to the corporation, while in the case at bar it does not even show to ever have been executed on any living person.

We respectfully submit that it was manifest error to give judgment by default on returns on the summons in this case and that same was insufficient, and that the case should be reversed.

Anderson, J., delivered the opinion of the court.

The appellee, Cudahy Packing Company, sued the appellant, Anderson Mercantile Company, in the circuit court of Perry county, and at the return term recovered a judgment by default for the amount sued for, from which judgment the appellant prosecutes this appeal.

The judgment is attacked alone on the ground that the service of process on appellant is void, and therefore the judgment which followed is void. The declaration denominates the defendant (appellant) as a mercantile corporation organized under the laws of the state of Mississippi, and domiciled and doing business at Richton in Perry county. The return on the summons is in this language:

"I this day executed the within writ by personally delivering a true copy to the Anderson Mercantile Company."

At the return term of the summons, and more than thirty days after its execution, judgment by default was entered.

Section 3932, Code of 1906 (section 2939, Hemingway's Code), provides for the manner and effect of the service of process on corporations. That part of the statute applicable to the question here involved is in this language:

"If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation."

In *A. & V. Railway* v. *Bolding*, 69 Miss. 255, 13 So. 844, 30 Am. St. Rep. 541, the court said that process could be served on a corporation in no other way than by service on some officer or agent qualified by law for that purpose.

In each of the cases of *Watkins Machine Co.* v. *Cincinnati Rubber Co.*, 96 Miss. 610, 52 So. 629, and *Supreme Ruling Circle* v. *Sommers*, 108 Miss. 54, 66 So. 322, the return on the process (the defendants in both cases being corporations) showed that it had been served personally on the defendant by handing a true copy to a person named in the return, without its being shown either in the return or otherwise that the person named was such an officer or agent of the defendant as the statute authorized process to be served on. The court held in both of those cases that a default judgment rendered on such a return was void because the statute had not been complied with.

A corporation is an artificial person; it is an intangible thing. It can be dealt with only through its properly authorized officers and agents. It can be brought into court only by means of such officers and agents. The statute expressly provides how this may be done. It is by process duly served on certain officers named in the statute, or an agent, or one of the directors of the corporation. The statute is mandatory and jurisdictional. If it is not complied with, the defendant is not in court, and therefore any judgment on process so served and returned is void.

*Reversed and remanded.*