United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

—————————

m 04-61057
Summary Calendar

—————————

CITY OF CLARKSDALE,
ACTING BY AND THROUGH THE CLARKSDALE PUBLIC UTILITIES COMMISSION,

Plaintiff-Appellant,

VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant-Appellee.

—————————

Appeal from the United States District Court
for the Northern District of Mississippi

—————————

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The City of Clarksdale, acting by and through the Clarksdale Public Utilities Commission, appeals the denial of a motion to remand to state court for failure by defendant BellSouth Telecommunications, Inc. ("BellSouth"), to file its notice of removal timely.

After denying the city's motion for reconsideration, the district court certified the issue of timeliness of removal for interlocutory appeal.

The timeliness of removal turns on when, if at all, service was effected on BellSouth.[1] We

—————————

[1] The city, as appellant, frames the sole issue on interlocutory appeal as follows:

(continued...)

conclude that service of process was not effected when the city's process server left the citation and other papers at the office of Bell-South's authorized agent for service, but on a day when the authorized agent's office was closed. The result is that even if service was effected on the date when the authorized agent's office reopened for business, Bell-South's removal was timely, and if service was never effected, BellSouth voluntarily appeared in federal court by answering after removal. We therefore affirm the district court's denial of the city's motion to remand to state court, and we remand to the district court for further proceedings.

## I.
## A.

In 1954, the city entered into a contractual agreement with BellSouth's predecessor in interest. After years of dispute between the two corporations over the obligations arising from the agreement, the city sued in state court on December 23, 2003, seeking declaratory and injunctive relief, damages, and attor-

---

[1](...continued)

Whether, under Rule 4 of the Mississippi Rules of Civil Procedure, a summons and complaint is deemed to be served on the date upon which the summons and complaint are delivered to the office of a corporate registered agent for process and deposited in a box for that purpose in accordance with the custom and practice of the registered agent for process or is the date of service deemed to be a subsequent date upon which an employee of the corporate registered agent for process physically picks up the summons and complaint deposited in the box and processes it for its principal?

The issue, then, as framed by the appellant, is one of the timing, rather than the sufficiency, of service of process.

ney's fees.

BellSouth is incorporated in Georgia and does business in Mississippi. Prentice-Hall Corporation ("Prentice-Hall") acts as Bell-South's Mississippi registered agent for service of process.

On Wednesday December 24, 2003, the city's process server, Sally Green, sought to serve process on BellSouth through Prentice-Hall. She entered the multi-tenant building where Prentice-Hall keeps an office. On the front door of the building, a sign stated that Prentice-Hall's offices were closed for the Christmas Holidays on Wednesday through Friday, December 24-26, 2003, and the record is undisputed that it was closed on December 24 and did not reopen until Monday December 29.

Inside the building, Green stated her purpose to an unidentified man who pointed out an office, the door to which was open, and indicated the inbox where papers could be deposited for Prentice-Hall. Green placed the summons and complaint in this inbox. Both documents show the date of filing with the court (December 23) but not the date Green attempted service (December 24). Five days later, Green filed the return of service with the state Chancery Court, stating that service of process had been accomplished on December 24 by personal service on Prentice-Hall.

On January 28, 2004, BellSouth filed an answer and notice of removal.[2] The precise date

---

[2] BellSouth's notice of removal bases federal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a) (1993 & Supp. 2005). The amount in controversy exceeds the statutory minimum of $75,000, because the damages alone would

(continued...)

on which service was legally accomplished is relevant, because if it is December 24, then BellSouth's attempted removal on January 28 was untimely as outside the thirty-day limit.

### B.

BellSouth claims to have filed the notice of removal within the thirty-day window for removal, *see* 28 U.S.C. § 1446(b) (1994), because it alleges that service of process occurred on December 29. Supporting this allegation, the service documents BellSouth received from Prentice-Hall are stamped with that date. Additionally, BellSouth reasons that Prentice-Hall could not have received service when it was closed for the holiday; therefore, after the holiday started, the first possible day for Prentice-Hall to receive service was December 29, when employees returned to the office.

The district court made no findings of fact regarding who accepted service, and the record shows confusion on this matter. The employee designated to receive service for BellSouth testified by affidavit that his inbox was empty on both December 24 and December 29. Neither party offers evidence establishing in whose inbox Green placed the service documents or explaining how service was received without the appointed employees' ever laying hands on it. Nonetheless, the district court reasoned that Prentice-Hall received service of process because employees were present in the office on December 29.

Some evidence was submitted to the district court that Green had acted in accordance with "the custom and practice of Prentice-Hall to accept service of process of papers placed in a basket located in Prentice-Hall's office for that purpose." Prentice-Hall denies the existence of such custom and practice. The district court disallowed further discovery on the issue, finding it irrelevant to the issue of on what date the corporation accepted service. In denying the city's motion to remand, the court held that because a corporation can act only through its human employees, service of process could have occurred only on December 29, when employees of Prentice-Hall returned to the office. Therefore, BellSouth argues that its notice of removal was timely.[3]

---

[2](...continued) exceed $90,000. BellSouth is incorporated in Georgia and has its principal place of business in Georgia. The City of Clarksdale and the Clarksdale Public Utilities Commission are citizens of Mississippi for diversity purposes. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973) ("[It is] recognized that a political subdivision of a State, unless it is simply 'the arm or alter ego of the State' is a citizen of the State for diversity purposes."); *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996) (citing *Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983)) (recognizing that state agencies, which are independent of the state, are citizens of the state).

[3] We have jurisdiction over this appeal of an interlocutory order under 28 U.S.C. § 1292(b) (1993), which reads in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such an order, if application is made to it within ten days . . . .

(continued...)

## II.
### A.
#### 1.

We review *de novo* the denial of a motion to remand to state court.[4] Title 28 U.S.C. § 1446 governs the procedure for removal from state to federal court and requires the defendant in a civil action to file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."[5] 28 U.S.C. § 1446(b). The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels.

Although federal law requires the defendant to file a removal motion within thirty days of service, the term "service of process" is defined by state law.[6] So, to determine whether the city complied with § 1446(b), we must look to see what constitutes service of process on a foreign corporation under Mississippi law.

#### 2.

Mississippi law prescribes how a plaintiff is to serve process on a defendant corporation.

---

[3](...continued)
The district court so stated, and the city timely filed a motion for leave to take an interlocutory appeal on the timeliness issue.

A panel of this court granted that motion. Specifically, the orders that this court has certified for interlocutory appeal are the order entered September 15, 2004, denying the city's motion to remand, and the order entered October 6, 2004, denying the city's motion for reconsideration. As this court stated in its order of November 22, 2004, granting the city's motion for leave to appeal, both of the district court's orders now under review center on the question whether BellSouth's removal was timely.

[4] *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 503-04 (5th Cir. 2004) (citing *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001)).

[5] Additionally, § 1446 permits service of the summons, without the complaint, when the complaint has been filed with the court. Rule 4(a)(2) of the Mississippi Rules of Civil Procedure, however, requires service of both the summons and complaint, rendering this second provision inapplicable here.

[6] *See Murphy Bros.*, 526 U.S. at 352-53 (examining the procedures in various states for initiating suit and the effect the differences among states will have on federal removal statute). For a federal district court to have jurisdiction over a case removed from state court, the state court must first have jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ."). For this reason, we look to state law to verify that service of process effectively brought the defendant within the state court's jurisdiction. *See Woodham v. Northwestern Steel & Wire Co.*, 390 F.2d 27 (5th Cir. 1968) ("In determining the validity vel non of service of process on a foreign corporation, the court must, in each instance, consider the particular facts of the case sub judice and apply to these facts the law of the forum state."); *USATorres v. Marina Mercante Nicaraguenses*, 768 F.2d 1285, 1286 n.1 (11th Cir. 1985) ("A federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process.").

4

MISS. CODE ANN. § 13-3-49 (2002).[7] "If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or *agent of the corporation*, or upon any one of the directors of such corporation." *Id.* (emphasis added). The state statute defines "agent of the corporation" for service of process as the registered agent of the foreign corporation.[8] Foreign corporations authorized to transact business in Mississippi are required to maintain, within the state, a registered office and a registered agent.[9] MISS. CODE ANN. § 79-4-15.07 (2001). A registered agent is defined as an individual, a not-for-profit, or a

corporation. *Id.*[10]

These statutes authorize service on any *agent* of a corporation, and an agent includes the registered agent, which itself may be a corporation. Therefore, the statute authorizes service on a *registered-agent corporation* itself—not a human employee thereof. It appears that the statutes have drawn a distinction between corporations, in general, and registered-agent corporations.

Title 13 of the Mississippi Code also stipulates that the rules of process contained therein are subordinate to the Mississippi Rules of

---

[7] Title 13 of the Mississippi Code contains no definition of "corporation." *See* MISS. CODE ANN. Title 13 (2002 & Supp. 2004). Title 79, by contrast, defines "corporation" seven times in various contexts, drawing distinctions between forms of corporations such as "domestic" and "foreign" corporations. *See*, *e.g.*, MISS. CODE ANN. § 79-4-1.40 (Supp. 2004) (defining "corporation" and "domestic corporation" as "a corporation for profit, which is not a foreign corporation . . ."). Because Title 13 does not contain this sort of differentiation, we understand the word "corporation" in Title 13 to include all forms of corporations but the same word in Title 79 to refer only to the specifically delineated form. Therefore, Title 13's prescription on service where the defendant is a corporation applies equally to domestic, foreign, and registered-agent corporations.

[8] The same is true for domestic corporations: "A corporation's registered agent is the corporation's agent for service of process . . . required or permitted by law to be served on the corporation." MISS. CODE ANN. § 79-4-5.04(a) (2001)

[9] The requirement also applies to domestic corporations. *See* MISS. CODE ANN. § 79-4-5.01(2001).

[10] BellSouth asserts that the purpose of a registered agent is to ensure that foreign corporations obtain actual notice of cases pending against them in the state. This is one purpose of the statutes. *See First Jackson Secs. Corp. v. B.F. Goodrich Co.*, 176 So. 2d 272, 275-76 (Miss. 1965) (reading the statutes requiring a domestic corporation to appoint a registered agent as seeking to ensure the corporation an opportunity to respond to pending litigation).

In the context of foreign corporations, these statutes, which are common throughout the United States, are designed to ensure that citizens can collect debts from, and enforce contracts with, the foreign corporation. *Stavang v. Am. Potash & Chem. Corp.*, 227 F. Supp. 786, 787 (S.D. Miss. 1964) (citing 18 FLETCHER ON CORPORATIONS 343, 344); 18 FLETCHER CYCLOPEDIA OF PRIVATE CORPORATIONS § 8697 (2004). "The manifest injustice which would ensue if a foreign corporation, permitted by a state to do business therein, and to bring suits in its courts, could not be sued in those courts, has induced the states to provide by statue that a foreign corporation doing business in the state shall appoint an agent residing therein, upon whom process may be served in actions arising out of such business or upon contracts made in the state." *Id.*

Civil Procedure. MISS. CODE ANN. § 13-3-1 (2002). Though several rules address service of various types, service of process is entirely controlled by rule 4.[11]

Rule 4(d) is entitled "Summons and Complaint: Person to be Served." The rule permits service on a foreign or domestic corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized . . . by law to receive service of process." MISS. R. CIV. P. 4(d)(4). As stated above, the Mississippi Code defines the agents authorized to receive process as including registered agents.[12]

### 3.

BellSouth contends that under rule 4, service on Prentice-Hall, as registered agent, must be made by handing the process papers directly to a person at Prentice-Hall's offices who is authorized to accept service. As we will explain, we find it unnecessary to decide that specific question. We determine, instead, that under the facts of this case, service was effected on BellSouth through Prentice-Hall no earlier than December 29, when Prentice-Hall's offices reopened for business after the holiday.

The opinion in *Anderson Mercantile Co. v. Cudahy Packing Co.*, 90 So. 11 (Miss. 1921), is helpful. There, an individual received service for the corporation (apparently, though the case does not provide detailed facts). The return of service indicated personal delivery on the corporation, without identifying who re-

ceived service. The court determined that service was insufficient, so there was no personal jurisdiction over the defendant corporation.[13]

The Mississippi Supreme Court reiterated this understanding in *First Jackson*,[14] in which the issue was which employees may accept service of process, not whether a human being need accept service. There, a secretary received service for a domestic corporation but failed to deliver the papers to the appropriate persons. The plaintiff argued that service on any employee of the corporation is service on an agent of the corporation and is therefore sufficient. *First Jackson*, 176 So. 2d at 274-75.

---

[11] *See* comment to MISS. R. CIV. P. 5, MISSISSIPPI RULES OF COURT 12 (West 2004).

[12] MISS. CODE ANN. §§ 79-4-5.04(a), 79-4-15.10(a).

[13] *Anderson Mercantile* examines Section 3932, Code of 1906 (Section 2939 Hemingway's Code), which "provides for the manner and effect of the service of process on corporations." *Anderson Mercantile*, 90 So. at 12. This is the antecedent statute to Mississippi Code Annotated § 13-3-49 "Service when a defendant is a corporation." Although *Anderson Mercantile* does not specify whether the defendant corporation is a domestic or foreign corporation, it is relevant to the current analysis, because we understand the statute being discussed to apply equally to all types of corporations. *See supra* note 5.

[14] In *Anderson Mercantile* and *First Jackson*, the wording of the statute prescribing service on a corporation is exactly the same: "If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation." *Anderson Mercantile*, 90 So. at 12*; First Jackson*, 176 So. 2d at 275. The registered agent provisions, examined in *First Jackson*, did not exist in 1921 when *Anderson Mercantile* was decided.

The court disagreed, finding that not all employees are agents of the corporation. The court arrived at this conclusion by examining dictionary definitions of "agent" instead of any statutory definitions. *Id.* at 275-76, 278. The court declared that "where the defendant is a corporation the process must be delivered or served on an official or proper person on behalf thereof." *Id.* at 276.

In *Public Employees' Retirement System v. Dillon*, 538 So. 2d 327 (Miss. 1989), the court cited the provisions of Mississippi Rule of Civil Procedure 4(d)(4) as allowing service on a corporation by, *inter alia*, delivery on an appointed agent. The court pointed out that rule 4(d)(5) permits service on a corporation by first class mail. This undercuts BellSouth's contention that service on a corporate registered agent must always be directly on a natural person authorized by that corporation.

On the other hand, we are persuaded by a case on which BellSouth relies, *Tech Hills II v. Phoenix Home Life Ins. Co.*, 5 F.3d 963 (6th Cir. 1993). Although that decision is not binding on this court or on the Mississippi courts, the facts are similar. There, delivery of the summons was made to a security guard (who was not authorized to accept service of process) on a Saturday when the offices were closed. In determining whether removal was proper, the court reasoned as follows:

We hold that delivery at defendant's place of business on a Saturday, when the offices are closed, to a security guard, who is not authorized to receive service on behalf of the corporation, is not receipt under the removal statute. The removal period was commenced on Monday when the complaint was delivered to and thus, received by an authorized representative of [the defendant].

*Id.* at 968.

The city argues, in response, that *Tech Hills* is inapposite, because here the agent authorized to receive service is itself a corporation that, unlike a natural person, does "not hav[e] a physical corpus with the ability to reach out and hold a tendered document." Instead, the city reasons that Prentice-Hall has the "custom and practice, when no one was present in the Prentice[-]Hall office and the inner office of Prentice[-]Hall was physically open, of accepting the service of legal documents served in a designated basket."

We disagree. As BellSouth replies, there was no one present on December 24 at Prentice-Hall's office who was vested with apparent authority to accept papers. The result is that in the intervening five days, there was no one to notify BellSouth that it had been sued, so BellSouth was deprived of five of the thirty days the statute allows it to effect removal. Moreover, the city does not suggest that it relied on any such "custom and practice."

Accordingly, it does not matter, in this case, whether the law requires that service on a registered-agent corporation be made by handing the papers directly to a person authorized to receive them, or instead, whether it is sufficient for them to be placed in a designated place (such as a basket) for processing in the normal course of business. The point here is that leaving the papers in a basket on a day when no one would or could process them cannot, under the rationale of *Tech Hills* and the other cases cited, constitute service until such time as the office reopens and the papers can be processed and sent to the principal.

B.

As we have said, the district court held that BellSouth's notice of removal was timely be-

7

cause it was filed within thirty days after Prentice-Hall's employees returned to the office from a holiday and thirty-five days after the city attempted service. The court considered only December 24 and 29 as the possible dates of service. The court noted the lack of controlling precedent but nonetheless determined that BellSouth was not served until December 29.

Although we do not need to decide whether the district court was correct in saying that service on a corporation must be directly on a human actor, the result reached by the district court, in declaring that there was no effective service before December 29, is plainly correct. On January 28, BellSouth filed a notice of removal in state court and a notice of removal along with an answer to the complaint in federal court. The filing of the answer constitutes a voluntary appearance in the federal district court.[15] The result is that BellSouth was

---

[15] *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction."). It is not problematic in this situation that the state court never technically had personal jurisdiction over BellSouth. Title 28 U.S.C. § 1448 permits cured service on a defendant after removal. *See e.g.*, *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) (noting that although the district court looks to state law to see that proper service was made before removal, the plaintiff has an opportunity to cure service after removal because of 28 U.S.C. § 1448).

A defendant's removal to federal court does not waive its right to object to service of process. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929). Filing an answer to the complaint without objecting to service of process does, however, waive a defendant's right to object to (continued...)

properly a party in federal district court, and its notice of removal was timely, so the certified orders of the district court are AFFIRMED. This matter is REMANDED for further appropriate proceedings.

---

[15](...continued)
service of process. FED R. CIV. P. 12(h)(1). Where the defendant voluntarily appears before the federal court after having removed the case, it has submitted to the jurisdiction of the court, obviating the need for renewed service.