# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2009

No. 09-60045
Summary Calendar

Charles R. Fulbruge III
Clerk

WANDA BENSON

Plaintiff-Appellant

v.

FAMILY HEALTH CENTER INC.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
No. 2:07-CV-00276-ks-mtp

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Wanda Benson asserts that the district court erred in refusing to remand this case to Mississippi state court and in granting defendant-appellee Family Health Center, Inc.'s motion for summary judgment on her sex and age discrimination claims. For the reasons stated below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benson argues that the district court erred in refusing to remand this suit to the Mississippi state court in which it was originally filed because Family Health Center failed to file a notice of removal within thirty days of the receipt of service of process as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). We review de novo the denial of a motion to remand to state court. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

Benson filed her original complaint on August 22, 2007 in Mississippi state court. Service was delivered to an unnamed employee at the offices of Family Health Center on September 13, 2007. The return on the service of process indicates that it was delivered to "Family Health Center." Family Health Center asserts that the complaint was forwarded to the director of human resources, who in turn forwarded it to the board of directors on October 5, 2007. Family Health Center filed a notice of removal on October 24, 2007. The district court held that the September 13, 2007 service of process was not effective, and that service was only accomplished on October 5, 2007, when it was forwarded to the board of directors.

We agree with the district court that service was not effected on September 13, 2007. Mississippi law dictates whether service of process was sufficient in this suit. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210–11 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process'

is defined by state law. So, to determine whether the city complied with § 1446(b), we must look to see what constitutes service of process on a foreign corporation under Mississippi law." (footnote omitted)). Under Mississippi law, service upon a corporation such as Family Health Center is accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4); *see also* Miss. Code Ann. § 13-3-49 ("If the defendant in any suit or legal proceeding be a corporation, process may be served on the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation."). In this case, the evidence indicates that service was not delivered to a proper corporate agent under Mississippi law on September 13, 2007. The return on the service of process indicates only that service was delivered to "Family Health Center" on that date. Service of process thus was not effected on September 13, 2007 under Mississippi law. *See First Jackson Sec. Corp. v. B.F. Goodrich Co.*, 176 So. 2d 272, 276 (Miss. 1965) (holding that defendant corporation had not been properly served when a secretary received service but failed to deliver the papers to the appropriate persons because "where the defendant is a corporation the process must be delivered or served on an official or proper person on behalf thereof"); *Anderson Mercantile Co. v. Cudahy Packing Co.*, 90 So. 11, 12 (1921) (holding that service on defendant corporation was insufficient because the return of service did not indicate what individual received service on behalf of the corporation); *see also City of Clarksdale*, 428 F.3d at 208 ("[S]ervice of process was not effected when the city's process server left the citation and other papers at the office of BellSouth's authorized agent for service, but on a day when the authorized agent's office was closed."); *Johnson v. Rao*, 952 So. 2d 151, 158 (Miss. 2007)

3

(holding that service of process was not sufficient because it was delivered to a receptionist who was not an authorized agent of defendant physician).

It is not clear whether the fortuitous forwarding of service to the proper recipient may accomplish service under Mississippi law. The district court held that it could, thus making service in this case effective on October 5, 2007. Clearly, it is not sufficient simply because the proper recipient receives actual notice. *See Perry v. Andy*, 858 So.2d 143, 145–46 (Miss. 2003) (actual notice of suit through receipt of defective service of process did not satisfy the requirement of proper service of process); *see also Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996) ("Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint."); *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir.1988) ("The defendant's actual notice of the litigation, moreover, is insufficient to satisfy Rule 4's requirements."). We need not resolve that issue in this case, as the notice of removal would be timely regardless of whether there was effective service of process on October 5, 2007, or there was never effective service (with Family Health Center's voluntary appearance obviating the need for effective service). *See City of Clarksdale*, 428 F.3d at 214 & n.15.

Benson argues that Family Health Center waived any arguments about the sufficiency of service by filing an answer to the complaint without objecting to service of process. A defendant does indeed waive insufficient service of process as a defense to a claim for relief by filing an answer without objecting to service of process. *See id.* at 214 n.15 ("Filing an answer to the complaint without objecting to service of process does . . . waive a defendant's right to object to service of process." (citing Fed R. Civ. P. 12(h)(1))); *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988) (stating that "[u]nder Rule 12(h)(1) (B), the defense of insufficient service of process is waived unless made in a party's first responsive pleading or an amendment to a first responsive pleading allowed as

a matter of course."); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2004) ("[Rule 12(h)(1)] advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If that party wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading."). However, Family Health Center does not raise the issue of service of process as a defense to a claim for relief. Indeed, Family Health Center explicitly concedes that service of process was eventually accomplished (although, as stated above, we are not so sure). Family Health Center simply contends that the time period for filing a notice of removal did not begin until it received service of process. Because such a contention is not a defense to a claim for relief, it is not waived by filing an answer to a complaint without objecting to service of process.

Having dispensed with Benson's argument that the district court erred in refusing to remand this case to Mississippi state court, we now turn to her argument that the district court erred in granting Family Health Center's motion for summary judgment. The district court granted Family Health Center's motion for summary judgment on the grounds that Family Health Center offered legitimate, nondiscriminatory reasons for its termination of Benson—failing to carry out her duties and undermining the directives of the new executive director and the mission of the clinic—and that Benson had failed to offer proof that the proffered reasons were a pretext for discrimination. Benson argues that the district court erred in granting Family Health Center's motion for summary judgment because the proffered nondiscriminatory reasons for firing her were "rank generalizations" that lacked sufficient detail to allow her to show that they were pretextual; because Family Health Center failed to offer any admissible evidence to support its proffered nondiscriminatory reasons for firing her; and because she submitted sufficient evidence to raise a fact issue

as to pretext, including an affidavit by Benson denying each of the alleged deficiencies, evidence that every employee fired for dereliction of duties in the three-year period preceding the filing of this suit was female, and evidence that Family Health Center changed its proffered nondiscriminatory reasons for firing her. This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *See XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 149 (5th Cir. 2008); *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The proffered nondiscriminatory reasons were sufficiently specific. The reasons were not rank generalizations, but rather specific job-related deficiencies. *Cf. Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004) ("If the INS believed—and had verbalized—that Patrick was not 'sufficiently suited' to fill the SRS position because of her experience, credentials, attitude, or some other such articulable characteristic, the agency's reason might have provided enough detail to enable Patrick to attempt to show pretext."). Further, the summary judgment evidence supports Family Health Center's proffered nondiscriminatory reasons for terminating Benson. In her deposition testimony, Benson conceded that she violated company policy by failing to clock out upon leaving work on several occasions and that she failed to attend required meetings. Family Health Center specifically cited that testimony in its motion for summary judgment.

The evidence submitted by Benson is not sufficient to raise a fact issue as to pretext. Benson's affidavit contains only conclusory and unsupported general denials. *See Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth

6

ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."). Benson's statistical evidence, by itself and devoid of any context, is not sufficient to raise a fact issue as to pretext. *See Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 583 (5th Cir. 2006) ("These statistics are not probative of discriminatory intent because they are devoid of context."); *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1185 (5th Cir. 1996) ("The probative value of statistical evidence ultimately depends on all the surrounding facts, circumstances, and other evidence of discrimination."). Finally, Family Health Center did not change its proffered reasons for firing Benson. Family Health Center simply further elaborated on the initial primary reasons provided, and Benson was explicitly told from the outset that the initial reasons given were not the only reasons that she was fired.

Accordingly, the judgment of the district court is AFFIRMED.