# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2011

Lyle W. Cayce
Clerk

No. 10-31012
Summary Calendar

STEVON ARCHIE,

Plaintiff-Appellant

v.

JAMES LEBLANC; PAT BOOK, Warden, Catahoula Correctional Center; JOHN
DOE; JOAN DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-1381

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stevon Archie, Louisiana prisoner # 439157, appeals following the
dismissal of his civil action against James LeBlanc, the Secretary of the
Louisiana Department of Corrections.  Archie originally sued LeBlanc and Pat
Book, Warden, Catahoula Corrections Center, in state court.[1]  Book removed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Archie also sued "Jane Doe and John Doe," but he does not appeal the district court's
dismissal of the claims against them.

action with the consent of LeBlanc.  The district court then dismissed Book based upon discovery violations; we dismissed Archie's appeal of that order as frivolous.  *Archie v. LeBlanc*, Case No. 09-30651 (5th Cir. Feb. 22, 2010).

The case remanded pending in the district court against LeBlanc who moved to dismiss claiming qualified immunity,  failure to allege a claim upon which relief could be granted, and failure to exhaust administrative remedies. The district court granted the motion to dismiss for failure to state a claim.  The district court also denied the original motion to remand (styled as an "opposition to petition for removal" but treated as a motion to remand) Archie had filed at the outset of the case, reasoning that LeBlanc had consented to federal jurisdiction by filing a consent to the removal.

On appeal, Archie challenges only the decision that the district court had jurisdiction over LeBlanc.  He does not address the conclusion that he failed to state a claim, so we conclude that issue is abandoned. *Yohey v. Collins*, 985 F.2d 222, 225-26 (5th Cir. 1993).  We review the denial of a motion to remand to state court de novo.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).

Archie has not addressed the basis for the district court's conclusion that it had jurisdiction or otherwise demonstrated error in the denial of his motion to remand. *See Meyers v. Texas*, 410 F.3d 236 (5th Cir. 2005)(holding that voluntary invocation of the federal court's jurisdiction through the removal process waives Eleventh Amendment immunity from suit in federal courts). The judgment of the district court is AFFIRMED.