# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-10781
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

GROFF TRACTOR MID ATLANTIC, L.L.C.,

*Plaintiff—Appellee*,

*versus*

RUBBLE MASTER AMERICAS CORPORATION,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-197

---

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

After Defendant-Appellant Rubble Master Americas Corp. belatedly removed this case from state court, the federal district court remanded. The court also found Rubble Master had no objectively reasonable basis to remove in the first instance so ordered it to pay the attorneys' fees that Plaintiff-

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10781

Appellee Groff Tractor Mid Atlantic, L.L.C. incurred to obtain remand. Rubble Master now appeals the fee award. We AFFIRM.

Groff sued Rubble Master in Texas state court and perfected service on December 13, 2024. One week after service, Rubble Master's counsel emailed Groff's attorney seeking "a 20 day extension to file an Answer in the" state-court case, which he referenced by caption, state court, and docket number. Groff's attorney "[a]greed" to the extension.

On January 27, 2025—more than 30 days after service—Rubble Master removed the suit to the United States District Court for the Northern District of Texas. Groff moved to remand. It principally argued that Rubble Master's removal was untimely under 28 U.S.C. § 1446(b)(1), which requires removal within 30 days after service of the initial state-court pleading.[1] Groff also sought to recover the attorneys' fees it incurred as a result of the improvident removal.[2] To that end, Groff submitted an affidavit from its attorney providing her billable rate ($750/hour), dates and task-based descriptions of the services she performed to obtain remand (23.6 hours), and the total amount of fees sought ($17,700).

Rubble Master opposed remand by contending that Groff's agreement to a 20-day extension "to file an Answer" also operated to waive the 30-day deadline to remove the case to federal court. Rubble Master did not otherwise object to the sufficiency of Groff's fee affidavit.

---

[1] *See* 28 U.S.C. § 1446(b)(1); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("[A] defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels.").

[2] *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

No. 25-10781

The district court rejected Rubble Master's argument that the deadline to remove had been extended by party agreement.[3] It also found a fee award to Groff was in order because Rubble Master "lacked objectively reasonable grounds to believe that its removal of this action was legally proper or timely." The court used Groff's affidavit to calculate a $17,700 lodestar ($750 multiplied by 23.6 hours). Because the affidavit omitted information about Groff's attorney's experience, the district court consulted her firm's website to learn she'd practiced for over 30 years. This led the court to question the reasonableness of a 30-year veteran performing the straightforward services described. To account for this, as well as an absence of evidence of billing judgment, the court discounted the lodestar by 25% and awarded $13,275 to Groff.[4] Rubble Master timely appealed.

We review for abuse of discretion the district court's decision to impose fees under § 1447(c),[5] which is proper if no "objectively reasonable" basis to remove existed at the time of removal.[6] As to quantum, this circuit uses the lodestar method to set fees: a district court must first determine the reasonable number of hours expended and reasonable hourly rate for the attorneys involved then multiply those figures. The resulting product is the "lodestar," which may be adjusted up or down in accordance with criteria

---

[3] *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ("In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied, however, a defendant who does not timely assert the right to remove loses that right.").

[4] *See, e.g.*, *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (per curiam) ("The District Court neither committed clear error by finding a failure to provide evidence of billing judgment nor abused its discretion by imposing a ten percent reduction in the lodestar.").

[5] *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).

[6] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

established by this court or as dictated by the circumstances.[7] We review the lodestar determination for clear error and any adjustments to it for abuse of discretion.[8]

On appeal, Rubble Master argues imposing fees was an abuse of discretion because Rubble Master reasonably assumed the parties' agreement to extend the deadline to answer in state court also waived the 30-day deadline to remove. We find the district court properly exercised its discretion in this respect: Rubble Master's removal was well out of time and Groff's agreement to extend the time to *answer* in state court did not constitute a waiver of the 30-day deadline for Rubble Master to *remove*.[9]

Rubble Master next argues the district court clearly erred in calculating the lodestar because Groff did not provide "billing documentation" to the district court. Rubble Master offers no authority requiring a separate submission of "contemporaneous billing records or

---

[7] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).

[8] *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

[9] Rubble Master also argues it was objectively reasonable to believe the parties were diverse because Groff—a limited liability company—identified a principal place of business outside Texas in separate bankruptcy filings. But Groff's prior representations about its principal place of business are immaterial to the question here: whether it was objectively reasonable for Rubble Master to believe an extension to answer also waived the 30-day deadline to remove. Further, the argument betrays a misunderstanding about an LLC's citizenship for diversity purposes. *Compare Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.") *with* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]").

invoices" when the same information is presented by affidavit.[10] We thus find no clear error in the district court's calculation.

Rubble Master finally objects to the district court's reliance on information beyond the fee affidavit to obtain the number of years Groff's counsel has practiced law. Assuming arguendo the court erred in this respect, Rubble Master points to no consequence of this action except a reduction in the fee award, which renders any error harmless.[11] AFFIRMED.

---

[10] *See, e.g.*, *Wegner*, 129 F.3d at 822–23 (reviewing fee application with "glaring" omissions but deferring to district court's lodestar given that court's familiarity with the case and the fee opponent's failure to provide "detailed information explaining why or how the total number of hours claimed [was] not reasonable."); *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal." (internal citations omitted)).

[11] *See* 28 U.S.C. § 2111; FED. R. CIV. P. 61.