# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50137

SHAHRAM SHAKOURI,

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2014

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

UNIT CHAPLAIN GARY E. RAINES; ASSISTANT WARDEN KEVIN
PINNEY; WARDEN STEVEN SWIFT; ADMINISTRATIVE ASSISTANT
FLORINDA P. FIERRO; OFFICER ERIKA WILLIAMS; MAJOR RON
PEREZ; WARDEN BOWERS; CORRECTIONAL OFFICER III BEATRIZ
LONGORIA; CORRECTIONAL OFFICER III DENISE TORRES; MAJOR
RICKY S. LUJAN; FELIPE LIEUTENANT RODRIGUEZ; DANIEL S.
MCQUARY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CV-126

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Shahram Shakouri, Texas prisoner # 01558021, seeks leave to proceed
in forma pauperis (IFP) to appeal the district court's dismissal of his claims
under 42 U.S.C. §§ 1983, 1985, and 1986. He alleged claims against various

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

prison officials and employees for violating his rights to freedom of religion, equal protection, and access to courts and for retaliating against him for asserting his right to exercise his Baha'i faith. The district court dismissed the case as frivolous and denied Shakouri's motion for leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Shakouri is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997); FED. R. APP. P. 24(a)(5). A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. As Shakouri does not address the bases for the district court's decisions dismissing his claims against the various defendants, he abandons any challenge to the court's certification that the appeal was not taken in good faith. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987).

Shakouri asserts that there were several procedural defects in the district court proceedings, most involving his lack of notice of the district court's rulings. Federal Rule of Civil Procedure 77 requires that, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear." FED. R. CIV. P. 77(d)(1). The clerk must also record the service on the docket. *Id.* Under Federal Rule of Civil Procedure 5(b), service can be achieved by "mailing [the paper] to the person's last known address--in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). A litigant's statutory right to notice under procedural rules is distinct from the constitutional right to due process. *See United Student Aid Funds, Inc. v.*

*Espinosa*, 559 U.S. 260, 272 (2010). "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson Nat'l Bank v. Luckett*, 321 U.S. 233, 246 (1944).

The record belies Shakouri's claims that the clerk failed to serve him notice of the order granting voluntary dismissal of several defendants and that the court failed to rule on his attorney's objections to a motion for summary judgment. Even assuming arguendo that the clerk failed to serve him notice of the order overruling counsel's objections, a defendant is not entitled to rely on the notice required under Rule 77. *See Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir. 1984) (en banc); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993). Nor does the issue present a viable due process claim, as the record shows that Shakouri received actual notice of the district court's decisions before filing the instant appeal. *See Luckett*, 321 U.S. at 246. Shakouri's final suggestion that the district court erred by dismissing the majority of his claims without a hearing despite its determination that the complaint stated a claim against one of the defendants is frivolous. His failure to address the district court's bases for dismissing the claims, "without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit . . ., is the same as if he had not appealed that judgment." *Brinkmann*, 813 F.2d at 748.

In sum, Shakouri has abandoned his challenge to the district court's certification decision and failed to demonstrate that his "appeal involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2. The district

court's dismissal of the case as frivolous and this court's dismissal of Shakouri's appeal count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996). Shakouri is WARNED that if he accumulates at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).