# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2015

Lyle W. Cayce
Clerk

KAREY B. STATIN,

      Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, formerly known as Bankers Trust Company, as Trustee for Certificate Holders of Saco I; JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, as Mortgagee; EMC MORTGAGE CORPORATION, as Former Mortgagee,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3632

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

      This is our second opinion in Karey Statin's appeal of the district court's order dismissing his case in which he contends that the Defendants unlawfully foreclosed on his home. In the first opinion, we discussed Statin's argument

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20200

that the district court erroneously denied his motion for change of venue to Texas state court, which we construed as a motion to remand. *Statin v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 7235168, \*1–\*2 (5th Cir. 2014). Finding the record insufficient because Statin did not specifically press his amount in controversy challenge below, we remanded the case so that the district court could determine the amount in controversy. *Id.*

The district court ordered the parties to submit evidence to show the amount in controversy. The Defendants submitted a Residential Broker Price Opinion compiled by JPMorgan Chase Bank that valued the property at $87,500. *See id.* at \*1 ("The value of the property is the relevant consideration for determining the amount in controversy for these common foreclosure cases seeking injunctive relief" (citing *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013))). Statin did not submit any evidence, although we had previously taken judicial notice that the Harris County Appraisal District valued the property at $62,392. *Id.* at \*2. The district court found that the amount in controversy exceeded the statutory minimum at the time of removal.

The record is therefore sufficient to evaluate whether we have subject matter jurisdiction based on removal. "[R]emoval of an action is proper on the basis of the amount in controversy asserted . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the [statutory minimum]." 28 U.S.C. § 1446(c)(2)(B). The district court has done just that. As such, subject matter jurisdiction exists and we may now consider the merits of Statin's appeal.

Statin raises three non-jurisdictional arguments. First, Statin argues that the district court violated his constitutional rights by dismissing his case without giving him the opportunity to present evidence on the merits. However, the district court accepted all facts alleged in Statin's complaint as true and held he failed to state a claim. Statin's argument is nothing more

No. 14-20200

than an attack on the procedure circumscribed by Rule 12(b)(6), which does not violate the Constitution. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979) (describing the "many procedural devices developed since 1791 that have diminished the civic jury's historic domain [but] have been found not to be inconsistent with the [Constitution].").

Second, Statin argues that he will suffer irreparable harm if we do not reverse. But regardless of the consequences of the ruling below, Statin must identify a legal error warranting reversal. *Shakouri v. Raines*, 582 F. App'x 505, 506 (5th Cir. 2014) ("[The] failure to address the district court's bases for dismissing the claims, without even the slightest identification of any error in the district court's legal analysis or its application to his suit, is the same as if he had not appealed that judgment." (quotations omitted)).

Finally, Statin claims that he lost the opportunity to amend his complaint because the Clerk of Court failed to mail him notice of the district court's order requiring him to amend his complaint. *See* Fed. R. Civ. P. 77(d)(1) (requiring the clerk to immediately serve notice of all orders or judgments). However, nothing in the record supports Statin's argument. Statin did not, for example, provide an affidavit or a copy of the letter showing a late postmark date. As the Defendants point out, the record undercuts Statin's position: the docket sheet shows that the Clerk mailed the district court's order on the same day it was entered. *See United States v. Moon*, 129 F.3d 609 (5th Cir. 1997) ("That some notice was mailed . . . is evidenced by the docket entry stating that the parties were notified."). Statin himself acknowledges that he received the district court's order more than a week before the deadline for amending his complaint. Therefore, Statin cannot show that the Clerk failed to provide him timely notice or violated any rule of civil procedure.

AFFIRMED.

3