# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20738

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

SHAHRAM SHAKOURI,

      Plaintiff–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; KELLI WARD;
MELODEE BLALOCK; BOBBIE TURNER-PARKER,

      Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before OWEN, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:

Shahram Shakouri appeals the district court's denial of his motion to remand and the dismissal of his claims. We affirm.

## I

Shakouri sued eleven individuals associated with the Texas prison system, alleging that they violated his rights under the First, Thirteenth, and Fourteenth Amendments to the United States Constitution as well as the Texas Constitution and a Texas statute. Shakouri's claims are based on repercussions that he asserts he endured because of his religiously motivated decision not to participate in an unpaid prison work program. According to

No. 17-20738

Shakouri, those repercussions violated his First Amendment right to freedom of religion and his Fourteenth Amendment right to equal protection of the law, as well as his right to be free from retaliation for exercising his constitutional rights. Shakouri also alleges that the unpaid prison work program violates the Thirteenth Amendment.

Shakouri filed his complaint in Texas state court. Glen Whitfield, one of the named defendants, removed the case to the United States District Court for the Southern District of Texas. Shakouri filed a motion to remand the case, which was denied. The district court transferred Shakouri's claims against certain defendants to the Western District of Texas then dismissed all of Shakouri's claims against the remaining defendants. Shakouri appeals the district court orders denying his motion to remand and dismissing his case.

## II

Shakouri contends that the district court erred when it denied his motion to remand because Whitfield's notice of removal was untimely under 28 U.S.C. § 1446(b)(1). Section 1446(b)(1) requires notices of removal to be filed within thirty days of "the date on which [the moving defendant] is formally served with process."[1] If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run.[2] We apply Texas law to determine whether Whitfield was properly served.[3] The only evidence in the record of any service of process is a Citation for Personal Service addressed to the Attorney General of Texas, not Whitfield. Under Texas law, "[a] state

---

[1] *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)); 28 U.S.C. § 1446(b)(1).

[2] *Thompson*, 775 F.3d at 304.

[3] *Id.* (quoting *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).

2

employee is not served through service on the state attorney general."[4] Accordingly, there is no evidence that Whitfield was properly served and, consequently, no evidence that Whitfield's notice of removal was untimely under § 1446(b)(1).

Shakouri also contends that the defendants did not comply with § 1446(b)(2)(A), which requires "all defendants *who have been properly joined and served* [to] join in or consent to the removal of the action."[5]  By its terms, § 1446(b)(2)(A) does not impose any requirements on defendants who were not properly served.  As discussed, there is no evidence that any defendants were properly served.  Accordingly, removal did not violate § 1446(b)(2)(A) even though no defendants joined Whitfield's notice of removal or filed consents to removal.  The district court did not err when it denied Shakouri's motion to remand.

## III

The district court dismissed Shakouri's First and Fourteenth Amendment claims as "malicious."  The district court determined that it had the authority to do so under 28 U.S.C. § 1915(e)(2)(B)(i), which states, "Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."[6]  This court has not determined whether § 1915(e)(2)(B)(i), which is included in a section titled "Proceedings in forma pauperis,"[7] applies when the plaintiff is not proceeding *in forma pauperis*. However, even if § 1915(e)(2)(B)(i) does not apply when a plaintiff is not proceeding *in forma pauperis*, § 1915A(b)(1) requires courts to dismiss

---

[4] *Matthews v. Lenoir*, 439 S.W.3d 489, 497 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

[5] 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

[6] *Id.* § 1915(e)(2)(B)(i).

[7] *Id.* § 1915.

No. 17-20738

malicious claims brought by a prisoner against an employee of a governmental entity.[8]     Accordingly, Shakouri's claims were subject to dismissal if they qualified as malicious.

We review a district court's determination that a claim was malicious for abuse of discretion.[9]  We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff.[10]  The district court dismissed Shakouri's First and Fourteenth Amendment claims as malicious because Shakouri had previously brought claims alleging that forcing him to participate in a prison work program without pay violated his rights to freedom of religion and equal protection of the law.  The district court did not abuse its discretion when it dismissed those claims as malicious.[11]

In addition to requiring district courts to dismiss malicious claims, § 1915(e)(2)(B) and § 1915A(b)(1) require district courts to dismiss a cause of action that "fails to state a claim on which relief may be granted."[12]  The district court dismissed Shakouri's retaliation and Thirteenth Amendment claims for failure to state a claim.  We review the district court's exercise of its § 1915 authority to dismiss for failure to state a claim de novo.[13]  Shakouri failed to state a claim for a violation of his Thirteenth Amendment rights because

---

[8] *Id.* § 1915A(b)(1).

[9] *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993)) (reviewing a § 1915(e) dismissal for abuse of discretion).

[10] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

[11] *See Shakouri v. Raines*, No. 4:11-CV-126-RAJ, 2014 WL 12531365, at *4 (W.D. Tex. Jan. 27, 2014) (analyzing Shakouri's claim that a prison official "declined to respect [his] claimed subjective belief that it was against his religion to work without pay"); *Shakouri v. Raines*, 582 F. App'x 505, 506 (5th Cir. 2014) ("[Shakouri] alleged claims against various prison officials and employees for violating his rights to freedom of religion, equal protection, and access to courts and for retaliating against him for asserting his right to exercise his Baha'i faith.").

[12] 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

[13] *Legate v. Livingston*, 822 F.3d 207, 209 (5th Cir. 2016).

4

"inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."[14] Shakouri's retaliation claim fails because it alleges that the defendants retaliated against Shakouri for exercising his constitutional right not to participate in the prison work program, but he has no such right.[15]

Having determined that the district court properly dismissed all of Shakouri's federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Shakouri's state-law claims.[16]

*    *    *

AFFIRMED.

---

[14] *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001).

[15] *See id.* (explaining that prisoners like Shakouri do not have a Thirteenth Amendment right not to participate in unpaid prison work programs); *Shakouri*, 2014 WL 12531365, at *4-5 (W.D. Tex) (explaining why requiring Shakouri to participate in the prison work program does not violate his First Amendment rights).

[16] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").