# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40113
Summary Calendar

———————

Cesar Santelises,

*Plaintiff—Appellant*,

*versus*

Governor of State of Texas,

*Defendant—Appellee.*

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:22-CV-97

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Cesar Santelises, Texas prisoner # 01923094, appeals the district court's dismissal as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A, of his civil action challenging the constitutionality of Texas Penal Code § 22.02. He has also filed a motion for judicial notice reiterating his briefed arguments.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40113

Even where a prisoner is not proceeding in forma pauperis, his civil complaint seeking redress from a governmental entity or its officer or employee must be dismissed during screening if it is frivolous, malicious, or fails to state a claim. § 1915A(a)-(b)(1); *see Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019). We review de novo a dismissal by a district court as either frivolous or for failure to state a claim under § 1915A(b)(1). *See Shakouri*, 923 F.3d at 411; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

In 2014, Santelises was sentenced to 50 years in prison following his guilty plea conviction for aggravated assault with a deadly weapon causing serious bodily injury in a family or dating relationship, in violation of § 22.02. As in the district court, Santelises argues that two different subsections of § 22.02 impose two different punishments for exactly the same offense and, therefore, his statute of conviction violates his constitutional rights under the Equal Protection Clause and the Ex Post Facto Clause. He specifically asserts that under § 22.02(a)(1)(b), an aggravated assault causing serious bodily injury to another, including a spouse, was classified as a second-degree felony; however, he complains that § 22.02(b)(1) improperly enhanced the offense to a first-degree felony if a deadly weapon is used. According to Santelises, the two sections imposed different punishments for the same crime because causing serious bodily injury necessarily implies the use of a deadly weapon, and a spouse is considered a family member.

Santelises misinterprets the statute. There is no § 22.02(a)(1)(b), and, according to the plain language of the statute, aggravated assault occurs when a person commits an assault and causes serious bodily injury to another, including one's spouse, or when one uses or displays a deadly weapon while committing an assault. § 22.02(a)(1), (2). Despite Santelises's assertion, the statute expressly contemplates that one can cause serious bodily injury

2

without using a deadly weapon.[1] Section 22.02(b)(1) provides that an aggravated assault, including an offense against a spouse, is a second-degree felony, except in specific circumstances. As relevant here, an aggravated assault becomes a first-degree felony when one both uses a deadly weapon and causes serious bodily injury to a person in a familial relationship, including a spouse. § 22.02(b)(1). Santelises's claims are rooted in a faulty interpretation of the statute, lack an arguable basis in law, and fail to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Moreover, because he has failed to adequately brief the issue, Santelises has abandoned any challenge to the district court's conclusion that he failed to raise a viable ex post facto claim. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). And there is no merit to Santelises's argument, raised for the first time on appeal, that the district court erred in not certifying his question about the constitutionality of § 22.02 to the Attorney General of Texas, pursuant to 28 U.S.C. § 2403(b). Even if it is assumed that this new contention is properly before this court, § 2403(b) is not applicable here because the statute applies to federal suits that question the constitutionality of a state statute but do not name the state or its agency, officer, or employee as a party.

Additionally, in dismissing Santelises's complaint, the district court also concluded that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Santelises's argument that *Heck* is distinguishable

---

[1] It is clear that someone could use their physical body force and injure or even kill another person with only that force (e.g., throwing the victim down on the concrete where they hit their head). On the other side, someone could use a deadly weapon and not seriously injure the victim, such as shooting at but missing the victim.

because Heck was seeking damages and he (Santelises) was merely asking the district court to resolve a question with regard to his statute of conviction is without merit. Courts have expanded *Heck* to bar declaratory and injunctive relief, in addition to money damages. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc). Also, Santelises's prayer for relief suggests that he is seeking a reduction in his sentence. Accordingly, a successful outcome to his challenge to the constitutionality of Texas's aggravated assault statute would imply the invalidity of his conviction or sentence for aggravated assault, and his challenge is barred by *Heck*. *See Heck*, 512 U.S. at 486-87.

Finally, since Santelises had previously filed an unsuccessful 28 U.S.C. § 2254 application challenging his 2014 conviction, the district court declined to construe his filing as an unauthorized successive application. In his brief, Santelises alternatively requests authorization to file a successive § 2254 application raising his instant claims. This court may authorize the filing of a successive § 2254 application only if the applicant makes a prima facie showing that his claims satisfy the requirements of 28 U.S.C. § 2244(b). § 2244(b)(3)(C); *In re Davis*, 121 F.3d 952, 953 (5th Cir. 1997). With respect to new claims, § 2244(b)(2) requires that the prisoner demonstrate that either: (1) his claims rely on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claims could not have been discovered previously through due diligence, and the underlying facts, if proven, would establish by clear and convincing evidence that, but for constitutional error, no reasonable trier of fact would have found the applicant guilty of the underlying offense. § 2244(b)(2). To the extent that Santelises seeks authorization to file a successive § 2254 application, he has not made the required showing.

No. 23-40113

In light of the foregoing, the district court's dismissal order is AFFIRMED and Santelises's motion for judicial notice is DENIED.