# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30108
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2023

Lyle W. Cayce
Clerk

Dennis Ray Davis, Jr., *on behalf of* G A P Investments S.L.L.C., *Individually and, doing business as* Davis Products & Services L.L.C., *doing business as* Affordable Construction & Trackhoe Service L.L.C., *doing business as* Affordable Fence Company, *doing business as* United Fence & Security L.L.C., *doing business as* D P S Automotive & Collision Center L.L.C., *doing business as* Jumpers & More, *doing business as* D P S Services & Development,

*Plaintiff—Appellant*,

*versus*

Caddo Department of Public Works; James R. Martin Building & Demolition; Woodrow Wilson, Jr., *Individually and in his official capacity*; James R. Martin, *Individually*; James R. Martin Building and Remodeling L.L.C.; Commission Office Caddo Parish; Sheriffs Office of Caddo Parish; Steve Prator,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CV-1567

———————————————————

No. 23-30108

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Dennis Ray Davis, Jr., Louisiana prisoner # 469947, initiated a 42 U.S.C. § 1983 action, alleging his constitutional rights had been violated. Some claims relate to the demolition of his property. Others involve the failure of the defendants to release him on bail after he turned himself in to find out why he had been charged with armed robbery, armed robbery with the use of a firearm, and attempted murder. The district court dismissed Davis's claims concerning the demolition of his property as time barred and, thus, for failure to state a claim for relief and as frivolous. *See* 28 U.S.C. § 1915A(b)(1). The court dismissed Davis's claims regarding the failure to release him on bail as duplicative and, thus, malicious and frivolous.

We find no error in the district court's determination that Davis's claims concerning the demolition of his property are time barred by Louisiana's one-year personal injury statute of limitations. *See Stringer v. Town of Jonesboro*, 986 F.3d 502, 509-10 (5th Cir. 2021). Accordingly, the claims were properly dismissed. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

The district court was correct that Davis's claims concerning the failure to release him on bail are duplicative of claims that Davis raised in other proceedings. *See, e.g., Davis v. Police Dep't of Shreveport*, No. 21-30172, 2022 WL 2867161, at *1 (5th Cir. July 21, 2022) (unpublished). Those claims were properly dismissed. *Id.*; *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30108

Accordingly, the judgment of the district court is AFFIRMED. We have previously warned Davis that future repetitive filings would subject him to sanctions. *Davis*, 2022 WL 2867161, at *1. Notwithstanding this warning, Davis has continued to file repetitive pleadings.

Davis is ORDERED to pay a monetary sanction in the amount of $100 to the clerk of this court. He is BARRED from filing any pleading in this court or in any court subject to its jurisdiction until the sanction is paid unless he first obtains leave of the court in which he seeks to file a pleading.

Davis is WARNED that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively more severe sanctions, which may include dismissal, further monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Davis should review any pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive. Davis is REMINDED that he is barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Davis*, 2022 WL 2867161, at *1.