# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50912
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2024

Lyle W. Cayce
Clerk

Lonnie Kade Welsh,

*Plaintiff—Appellant*,

*versus*

Marsha McLane; Chris Greenwalt,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-890

———————————————————————

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:*

Lonnie Welsh, formerly Texas prisoner #2201624, filed a *pro se* 42 U.S.C. § 1983 complaint that was dismissed without prejudice as malicious, per 28 U.S.C. § 1915(e)(2)(B)(i), because Welsh had duplicate litigation pending in the Northern District of Texas. Welsh moves to proceed *in forma pauperis* ("IFP") on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50912

Welsh will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Welsh does not challenge the determination that he had duplicate litigation pending when he initially filed the instant complaint. Rather, he contends that his voluntary dismissal of duplicate litigation in the Northern District constitutes new evidence that warranted the grant of his Federal Rule of Civil Procedure 59(e) motion and reinstatement of his complaint.

But, as noted by the district court, Welsh waited two weeks after entry of the judgment dismissing the instant complaint as malicious to move to dismiss his duplicate litigation in the Northern District. Therefore, Welsh has failed to show that, at the time the district court dismissed his complaint as malicious, it made a manifest error of law or fact. *See Templet v. Hydro-Chem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Accordingly, Welsh fails to show that the district court abused its discretion in dismissing his complaint as malicious under § 1915(e)(2)(B)(i) or in denying his Rule 59(e) motion. *See Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019); *Templet*, 367 F.3d at 480.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We warned Welsh that he would face sanctions if he continued to file frivolous or repetitive pleadings. We also directed him to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive. *See Welsh v. Abbott*, No. 23-50492, 2023 WL 8804578, *1 (5th Cir. Dec. 20, 2023) (unpublished); *Welsh v. McLane*, No. 20-10412, 2021 WL 5313626, *1-2 (5th Cir. Nov. 15, 2021) (unpublished). Because Welsh has ignored our warnings, IT IS FURTHER ORDERED that a

2

No. 23-50912

SANCTION IS IMPOSED. Welsh is ORDERED to remit a sanction in the amount of $100, payable to the clerk of this court. Welsh is also BARRED from filing any pleading in this court, or in any court subject to this court's jurisdiction, until that sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleading. Welsh is further CAUTIONED that any future frivolous or repetitive filings in this court, or any court subject to this court's jurisdiction, will subject him to additional sanctions. He is again DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.